H. P. ROBERTSON CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14104. Promulgated December 21, 1928.

*Edward N. Mills, Esq.,* for the petitioner.
*W. F. Gibbs, Esq.,* for the respondent.

888

OPINION.

LITTLETON: A deduction is here claimed under the provisions of section 234 (a) (4), Revenue Act of 1918, which reads as follows:

(a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

* * * * * * *

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise.

In this instance, damage was suffered by petitioner in 1920 from a flood, and at that time the petitioner estimated that the loss suffered was $8,910.47. The party ultimately shown to have been responsible for the damage denied liability and petitioner brought suit which was decided in petitioner's favor in 1924, when a judgment was rendered for $7,923.30. No evidence was introduced as to the correctness of the estimate made in 1920 other than the judgment which the parties appear to have accepted as the measure of the loss suffered. The question here is, Did a deductible loss result in 1920? We think so. At that time the damage was done, and certainly it is reasonable to say that at the same time the extent of the damage was capable of determination. While a disallowance of the deduction claimed on the ground that it was an estimate, unsupported by acceptable evidence as to its accuracy, would have been justified, it is likewise true that when, subsequently, the amount of the loss which occurred in 1920 had been determined, it would have been an allowable deduction in 1920, provided that the loss was not compensated for by insurance or otherwise. And this would have been true, leaving out of account

the compensation feature, whether the petitioner's books were kept on the cash or accrual basis, as to which we are not here advised.

Does the fact that a judgment was secured against the City of Jamestown in 1924 equal to the amount now recognized as the damage suffered in 1920, make the deduction unallowable? Again our answer must be in favor of the allowance. Tax liability under our Federal revenue laws is determined upon the basis of annual accounting periods, except in certain instances not here material, and when a determination is made for a given year, the facts and conditions occurring and existing during such year must be the basis upon which we predicate our action. When viewed in this light, we fail to see how the recovery under the judgment in 1924 can be used to offset the loss suffered in 1920. On a receipts and disbursements basis of returning income there would certainly be no basis for offsetting the loss suffered in 1920 against the compensation received in 1924. Nor do we think there is any more reason on a basis which considers items of income and expense which have accrued at the end of the year, but which had not yet been received or paid at such time. At the end of 1920 there was a denial of liability on the part of the party responsible for the damage and apparently petitioner's chances of recovery lay in its ability to establish its claim through court proceeding which it had instituted. Under such circumstances and when we reflect that the suit was against a municipality where recovery is not always easy, it would indeed require a high degree of optimism to say, at the close of 1920, that the loss suffered would be compensated for, and as Justice Stone said in *United States* v. *White Dental Manufacturing Co. of Pennsylvania*, 274 U. S. 398, where the provision here under consideration was being considered, " The Taxing Act does not require the taxpayer to be an incorrigible optimist." The facts here made this case essentially different from the line of cases where liability was recognized at the close of the year and it was merely a question of computing the exact amount for which the party was liable or which would be received. *Producers Fuel Co.*, 1 B. T. A. 202; *Raleigh Smokeless Fuel Co.*, 6 B. T. A. 381; *Max Kurtz et al*, 8 B. T. A. 679. In so far as the compensation feature is concerned, this case is more nearly analogous to the situations in *Brighton Mills*, 1 B. T. A. 392; *New Process Cork Co.*, 3 B. T. A. 1339; *Bump Confectionery Co.*, 4 B. T. A. 50; *Hamler Coal Co.*, 4 B. T. A. 947, and *Hidalgo Steel Co.*, 8 B. T. A. 76, wherein the liability was not admitted and we refused to recognize a deduction on account thereof. In the instant case the liability on the part of Jamestown, N. Y., was contested until 1924, and apparently prior to this time there was no assurance that the petitioner would recover on account of the loss. No basis, therefore, existed, in so far as the return for 1920 is concerned, on which we could deny

the deduction in 1920 on the ground that the loss had either been compensated for or, with any degree of certainty, was then likely to be compensated for.

In view of the foregoing, we are of the opinion that the petitioner is entitled to a deduction in 1920 of $7,923.30 under the provisions of section 234 (a) (4), Revenue Act of 1918. Cf. *Leland D. Webb*, 1 B. T. A. 759, and *United States* v. *White Dental Manufacturing Co. of Pennsylvania, supra.*

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

STERNHAGEN and MORRIS concur in the result.

PHILLIPS, dissenting: The statute allows the deduction of a loss "if not compensated for by insurance or otherwise." The facts found above establish that petitioner's loss was "compensated for" and that, therefore, no deductible loss was sustained.

It was not the judgment of the court in 1924 that created the liability on the part of the city to compensate petitioners. That judgment served only to determine that such liability existed in 1920. That it took some years to establish the fact that petitioner was entitled to compensation can not, in my opinion, change the fact that the petitioner was compensated for its loss.

To the same effect, see opinion of the Court of Claims in *Piedmont Grocery Co.* v. *United States*, decided December 3, 1928.

TRAMMELL concurs in this dissent.