## UNITED STATES v. S. S. WHITE DENTAL MANUFACTURING COMPANY.

CERTIORARI TO THE COURT OF CLAIMS.

No. 291. Argued April 22, 1927.—Decided May 16, 1927.

1. Under § 234 of the Revenue Act of 1918 which authorizes the deduction from gross income in the computation of income taxes of "Losses sustained during the taxable year not compensated by insurance or otherwise," and Treasury regulations providing that losses deducted "must usually be evidenced by closed or completed transactions," but specifically authorizing deduction of worthless debts and corporate stock, the American creditor, and owner of the stock, of a corporation in Germany, was entitled to deduct the entire amount of such investment from gross income when the assets and business, of the corporation were sequestered by the German Government during the war. P. 400.

2. Such sequestration of enemy property was within the rights of the German Government as a belligerant power and when effected left the corporation without right to demand its release or compensation for its seizure, at least until the declaration of peace. P. 402.

3. The transaction—the sequestration—causing the loss was "closed and completed" when the seizure was made, and the loss was then deductible although later the German Government bound itself to repay and an award was made by the Mixed Claims Commission which may result in recovery. P. 403.

61 Ct. Cls. 143, affirmed.

CERTIORARI (271 U. S. 651) to a judgment of the Court of Claims allowing a recovery of income taxes paid for the year 1918.

*Assistant Attorney General Galloway,* with whom *Solicitor General Mitchell,* and *Messrs. A. W. Gregg,* General Counsel, Bureau of Internal Revenue, and *Frederick W. Dewart,* Special Attorney, Bureau of Internal Revenue, were on the brief, for the United States.

*Messrs. John Hampton Barnes* and *John F. McCarron* for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

This case comes here on writ of certiorari to the Court of Claims, § 240, § 3 (b) Jud. Code, as amended, to review a judgment of that court allowing recovery by respondent of income taxes paid for the year 1918. The sole question presented is the right of the respondent, upheld below, to deduct from its gross income for 1918, the amount of its investment in a subsidiary German corporation whose entire property was seized in that year by the German government as enemy property.

Respondent is a Pennsylvania corporation, engaged in the manufacture and sale of dental supplies. Before 1918 it had organized and controlled, by ownership of all the capital stock, the S. S. White Dental Manufacturing Company, m. b. h. of Berlin, Germany, a German corporation. Its investment in the German corporation in 1918, as carried on its books, aggregated more than $130,000.

The agreed statement of facts adopted as findings by the court below are so vague as to leave it uncertain whether this investment was represented on the books of respondent by the capital stock alone, or in part by the capital stock and in part by an open account between it and the German corporation. The case was argued on the assumption, which we make, that the investment was represented by both the capital stock and an open account, due to respondent from the German company. The total is conceded to be no more than the fair value of the net assets of the German corporation.

In March, 1918, the sequestrator appointed by the German government took over the property of the German corporation and the management of its business. It is inferable from the findings, as the government concedes, that the sequestration was similar in purpose and legal effect to that authorized under the Trading with the Enemy Act of the United States, Oct. 6, 1917, c. 106,

40 Stat. 411; March 28, 1918, c. 28, 40 Stat. 459; July 11, 1919, c. 6, 41 Stat. 35; June 5, 1920, c. 241, 41 Stat. 977; March 4, 1923, c. 285, 42 Stat. 1511; May 7, 1926, c. 252, 44 Stat. 406, and we shall deal with the case on that basis.

In March, 1920, the possession of the seized assets and business was relinquished to the German corporation by the sequestrator. As a result of the mismanagement of its affairs while in his custody, and investments of its funds by him in German war loans, the value of its assets was seriously impaired. In 1922 its tangible assets and its lease were sold for $6,000. This sum was included in respondent's income tax return for that year. Later respondent filed a claim with the Mixed Claims Commission which was allowed in 1924 to the extent of $70,000. What if anything may ultimately be realized from this award remains uncertain.

In 1918 the respondent charged off as a loss the entire amount of its investment in the German corporation as shown by its books, and in July of that year passed a resolution authorizing the establishment of a reserve against this loss at the rate of $15,000 quarterly, beginning March, 1918. In making its income tax return for 1918 respondent deducted from gross income the amount of its investment in the German corporation. The deduction was disallowed by the Commissioner of Internal Revenue, on the sole ground that the loss was not evidenced by a closed and completed transaction in the year for which it was deducted. The tax so assessed was paid under protest and this suit followed.

Section 234 of the Revenue Act of 1918, c. 18, 40 Stat. 1057, 1077, 1078, authorizes the deduction in the computation of income taxes of " Losses sustained during the taxable year and not compensated for by insurance or otherwise; ". In explaining this section, Article 141 of Treasury Regulations, 45, provides that losses incurred in

the taxpayer's trade or business or in any transaction en-. tered into for profit may be deducted but such losses "must usually be evidenced by closed and completed transactions." Article 151 provides in part: "Where all the surrounding and attendant circumstances indicate that a debt is worthless and uncollectible and that legal action to enforce payment would in all probability not result in the satisfaction of execution on a judgment, a showing of these facts will be sufficient evidence of the worthlessness of the debt for the purpose of deduction." And Art. 144 reads in part: "if stock of a corporation becomes worthless, its cost or its fair market value as of March 1, 1913, if acquired prior thereto, may be deducted by the owner in the taxable year in which the stock became worthless, provided a satisfactory showing of its worthlessness be made as in the case of bad debts." See Art. 561, making these provisions applicable to corporations.

The case turns upon the question whether the loss, concededly sustained by the respondent through the seizure of the assets of the German company in 1918, was so evidenced by a closed transaction within the meaning of the quoted statute and treasury regulations as to authorize its deduction from gross income of that year. The statute obviously does not contemplate and the regulations (Art. 144) forbid the deduction of losses resulting from the mere fluctuation in value of property owned by the taxpayer. *New York Ins. Co.* v̄. *Edwards,* 271 U. S. 109, 116; cf. *Miles* v. *Safe Deposit Co.,* 259 U. S. 247. But with equal certainty they do contemplate the deduction from gross income of losses, which are fixed by identifiable events, such as the sale of property (Art. 141, 144), or caused by its destruction or physical injury (Art. 141, 142, 143) or, in the case of debts, by the occurrence of such events as prevent their collection (Art. 151).

The transaction evidencing the loss here was the seizure of the property of the German company. The loss resulted to the respondent because it was a creditor and stockholder of that company which, as a result of the sequestration, was left without property or assets of any kind. The sequestration of enemy property was within the rights of the German government as a belligerent power and when effected left the corporation without right to demand its release or compensation for its seizure, at least until the declaration of peace. See *Littlejohn & Co.* v. *United States,* 270 U. S. 215; *White* v. *Mechanics Securities Corp.,* 269 U. S. 283, 300, 301; *Swiss Insurance Co.* v. *Miller,* 267 U. S. 42; *Stoehr* v. *Wallace,* 255 U. S. 239, 242–244; *Central Trust Co.* v. *Garvan,* 254 U. S. 554; *Brown* v. *United States,* 8 Cranch. 110, 122. What would ultimately come back to it, as the event proved, might be secured not as a matter of right, but as a matter either of grace to the vanquished or exaction by the victor. In any case the amount realized would be dependent upon the hazards of the war then in progress.

That legal action by respondent upon its open accounts against a corporation thus despoiled would have been fruitless within the meaning of Art. 151 seems not open to question. No distinction is urged by the government between respondent's investment in the stock of the German company and in its open accounts. It is equally apparent that the stock after the seizure was as worthless as the obligations of the German company and was deductible under Art. 144 on the same basis as bad debts.

If the seized assets are viewed as the property of respondent, ignoring the entity of the German company, the result is the same. The quoted regulations, consistently with the statute, contemplate that a loss may become complete enough for deduction without the tax-

payer's establishing that there is no possibility of an eventual recoupment. It would require a high degree of optimism to discern in the seizure of enemy property by the German government in 1918 more than a remote hope of ultimate salvage from the wreck of the war. The Taxing Act does not require the taxpayer to be an incorrigible optimist.

We need not attempt to say what constitutes a closed transaction evidencing loss in other situations. It is enough to justify the deduction here that the transaction causing the loss was completed when the seizure was made. It was none the less a deductible loss then, although later the German government bound itself to repay and an award was made by the Mixed Claims Commission which may result in a recovery.

*Judgment affirmed.*