W. Z. SHARP, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10598. Promulgated September 29, 1927.

The petitioner *held* to be entitled to deduct from gross income in his income-tax return for 1921, $3,900, representing the difference between the amount paid for a second mortgage note and the value of the equity represented by said note.

*Joseph H. Kirby, Esq.*, and *P. J. Coffey, Esq.*, for the petitioner.
*James A. O'Callaghan, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for the year 1921 of $1,323.43. The question in issue is the right of the petitioner to deduct from gross income in his income-tax return for 1921, $3,900 representing a loss sustained by him on the purchase of a second mortgage note.

FINDINGS OF FACT.

The petitioner is a resident of Sioux Falls, S. Dak.

In 1919, or prior thereto, one B. E. Adkins, of Howard, S. Dak., sold to D. Curvo 160 acres of land in Miner County, S. Dak., at a price of $16,700. This land was subject to a first mortgage of $7,000,

bearing interest at 5 per cent per annum. The purchaser paid down no cash, but gave to Adkins a second mortgage note of $9,700 bearing interest at 6 per cent per annum. Adkins was then reputed to be worth $150,000. He requested the petitioner, who was president of a bank, to purchase the note at its face value. This the petitioner did upon the endorsement of Adkins, which the petitioner considered ample security therefor. Curvo, the maker of the note, went through voluntary bankruptcy in 1921 and Adkins became hopelessly insolvent during the year. The petitioner then made inquiry of persons familiar with the land in question and was advised that the land could not be sold for more than $12,800. Upon this information the petitioner charged off $3,900 on the note and deducted the same from gross income in his income-tax return for 1921. The deduction was disallowed by the Commissioner in determining the deficiency herein complained of.

In 1922 Curvo informed the petitioner that he could not pay anything on the note; that the petitioner could either foreclose the mortgage or that Curvo would deed him the land in exchange for the note. Curvo then deeded the land to the petitioner and the petitioner surrendered the note to Curvo.

The fair market value of the land in question in 1921 and in 1922 was not in excess of $12,800. At no time since then could the land have been sold for that price and the value at the present time is not in excess of $10,000.

#### OPINION.

SMITH: Section 214 (a) of the Revenue Act of 1921 permits an individual to deduct from gross income in his income-tax return:

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business;

(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business;  *  *  *

(6) Losses sustained during the taxable year of property not connected with the trade or business  *  *  *  if arising from fires, storms, shipwreck, or other casualty, or from theft, if not compensated for by insurance or otherwise. Losses allowed under paragraphs (4), (5), and (6) of this subdivision shall be deducted as of the taxable year in which sustained unless, in order to clearly reflect the income, the loss should, in the opinion of the Commissioner, be accounted for as of a different period.  *  *  *

(7) Debts ascertained to be worthless and charged off within the taxable year  *  *  *  and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.

The evidence in the case at bar shows that the petitioner had, in 1921, a second mortgage note on land of a value of $12,800. The face of the note was $9,700 and the land was encumbered by a first mortgage of $7,000. The maker of the note and the endorser were

both insolvent. The maker had gone through bankruptcy in 1921 and the endorser was found by the petitioner to be hopelessly insolvent and to have no property from which he might hope to recover any part of the face value of the note. In 1921 the petitioner determined that his loss upon the note was at least $3,900. The 1921 Act permits an individual taxpayer to deduct from gross income the part of a debt ascertained to be worthless provided it has been charged off within the taxable year. The petitioner determined the uncollectible part of the debt due him in 1921 to be $3,900 and charged it off of his books of account.

In *United States* v. *S. S. White Dental Manufacturing Co. of Pennsylvania*, 274 U. S. 398, the Supreme Court held that under the Revenue Act of 1918 a loss of an American company represented by the amount of its investment in a subsidiary German corporation was sustained and was deductible in 1918 when the entire property of the German corporation was seized by the German government as enemy property. In the course of its opinion the court stated:

\* \* \* The statute [Revenue Act of 1918] obviously does not contemplate and the regulations (Art. 144) forbid the deduction of losses resulting from the mere fluctuation in value of property owned by the taxpayer. *New York Ins. Co.* v. *Edwards*, 271 U. S. 109, 116; cf. *Miles* v. *Safe Deposit Co.*, 259 U. S. 247. But with equal certainty they do contemplate the deduction from gross income of losses, which are fixed by identifiable events. Such as the sale of property (Art. 141, 144), or caused by its destruction or physical injury (Art. 141, 142, 143) or, in the case of debts, by the occurrence of such events as prevent their collection (Art. 151).

In our opinion the loss in the case at bar was " fixed by identifiable events " occurring in the year 1921. The petitioner is therefore entitled to the deduction from gross income in his income-tax return of 1921 of the $3,900 claimed.

> *Judgment will be entered for the petitioner after 15 days' notice, under Rule 50.*

Considered by LITTLETON and LOVE.