## THOMAS J. LOCKE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10616.   Promulgated October 6, 1927.

1. Cost of a warehouse roof as ordinary and necessary expense paid or incurred in the taxable year disallowed.

2. Petitioner sold merchandise to the management of a dormitory owned by the State of Mississippi, and operated by employees of a State institution for the service of students. The State made no appropriations for such dormitory, which was maintained by collecting funds from students. Prior to or during the taxable year, dormitory funds were embezzled, and, at the end of such year, there were unpaid claims against the dormitory management in large amounts. The State was under no legal liability for the debts of the dormitory management. *Held,* that the amount due the petitioner from the dormitory management was a worthless debt at December 31, 1920, and that, for Federal tax purposes, it was a proper deduction from gross income for that year.

*Harry M. Jay, C. P. A.,* for the petitioner.
*W. Frank Gibbs, Esq.,* for the respondent.

The respondent has determined deficiencies in income tax for the years 1919 and 1920, in the respective amounts of $2,199.43 and $4,954.28. In his brief, counsel for the petitioner avers that there is an error in the computation of the deficiency for 1920, and that, even if the respondent properly disallowed the deductions claimed, the true deficiency is only $4,906.57. The petitioner concedes that the deficiency for 1919 is correct. The issues for 1920 relate to the respondent's disallowance as a deduction from the petitioner's gross income for that year of certain amounts alleged to represent ordinary and necessary business expenses and a debt ascertained to be worthless and charged off in the taxable year.

FINDINGS OF FACT.

The petitioner is an individual residing at Columbus, Miss., where he is in business as a wholesale grocer.

In his income-tax return for 1920, the petitioner deducted the amount of $4,620.91 from his gross income, claiming the same as ordinary and necessary expense paid or incurred in the construction of a new roof on a warehouse owned by him and used in his business. The respondent disallowed such deduction.

Prior to, and during the year 1920, the petitioner furnished certain supplies to the dormitory management of the Mississippi Agricultural and Mechanical College at Starkville. This dormitory was owned by the State and was conducted by employees of the said college, which is a state institution, maintained by legislative appropriations, made from session to session. The legislature makes no appropriation for food or other dormitory expenses, which are met by assessments or collections from the students who use such facilities. The petitioner has sold commodities to the dormitory department continuously since 1913, receiving payment therefor direct from the college up to 1919; then the account began to grow in arrears notwithstanding all efforts possible to collect. At December 31, 1920, the dormitory management was indebted to the petitioner in the amount of $16,595.14.

At the request of the petitioner and creditors similarly situated, an audit of the affairs of the dormitory management was begun about July 15, 1920, and completed in the fall of 1920. This audit disclosed that there had been waste or misappropriation of funds paid by students for dormitory privileges in the amount of approximately $80,000 and that there were no funds available for the payment of any of the overdue dormitory accounts. The petitioner then and in 1920, presented his claim for reimbursement to the Governor of the State (who was ex-officio a member and chairman of the board of trustees of the college), and to state senators.

In 1922 the legislature of the State of Mississippi enacted a law making appropriations for the claims against the dormitory management of the college. This act was passed by a very close vote after one of the hardest fights the then governor had before the legislature. From such appropriation in the total amount of $78,251.68, the petitioner received a payment of $15,155.57, leaving unpaid on the account in question the sum of $1,438.17.

Prior to the close of the year 1920, the petitioner ascertained that the account in question was worthless and charged it off his books. The petitioner had been advised in person by the Governor of the State of Mississippi of the latter's efforts in his behalf and of the failure to secure the legislators' permission to negotiate a loan to pay the account, before said account was charged off.

OPINION.

LANSDON : The petitioner admits that his tax liability for the year 1919 has been correctly determined by the respondent and we, therefore, approve the asserted deficiency for that year in the amount of $2,199.43.

The petitioner introduced no evidence respecting the amount or the deductibility of $4,621.91 claimed as a deduction from gross income of 1920 as an ordinary and necessary expense paid or incurred in the construction of a new roof on a warehouse owned by him and used in his business. As to this issue the petitioner submitted his case on the pleadings, relying upon an admission in the respondent's answer which reads as follows :

Admits that the Commissioner of Internal Revenue has disallowed a deduction of $4,620.91 claimed by the taxpayer to have been expended during the year 1920 for placing a new roof on taxpayer's warehouse, but denies he committed error in so doing.

The answer of the respondent also denies that said expenditure represents an ordinary and necessary expense to the taxpayer in 1920 and further contains a general denial which in terms denies generally and specifically each and every allegation contained in the petition not previously admitted, qualified, or denied by the answer. Obviously, there is no admission by the respondent upon which we can base findings of fact sufficient to enable us to determine that the deduction claimed was an ordinary and necessary expense actually paid or incurred in the taxable year involved. On this point the determination of the respondent is approved for lack of evidence.

Prior to, and during the year, the dormitory of the Mississippi Agricultural and Mechanical College was managed by employees of that institution. The money to pay for the service so provided was collected from the students. The State made no appropriation for operating or revolving funds for this purpose. During the year 1920, an audit disclosed that dormitory funds, collected from students, in the amount of approximately $80,000, had been lost or misappropriated. The dormitory management was without resources to meet its obligations to the petitioner and other creditors. The State of Mississippi was under no legal obligation to replace the misappropriated funds, but it was within the power of the legislature to appropriate public funds for the payment of such claims. Consulted by the Governor, the individual members of the legislature declined, for the most part, to commit themselves as to an appropriation or to approve the suggestion of borrowing money for the payment of the claim of the petitioner and others. There was no regular session of the legislature until 1922.

In all the circumstances, we are of the opinion that the petitioner's claim against the dormitory management of the Mississippi Agricultural and Mechanical College was worthless at December 31, 1920. It was charged off during the taxable year and should be allowed as a deduction from gross income for such year. See *United States* v. *S. S. White Dental Manufacturing Co. of Pennsylvania*, 274 U. S. 398.

The petitioner's brief filed in this proceeding, calls attention to an alleged mathematical error in the computation of the proposed deficiency in tax for the year 1920, and asserts that on the basis of the respondent's action, the correct deficiency would be $4,906.57, instead of $4,954.28. We do not have sufficient data in the record to pass upon this question. Inasmuch, however, as the alleged error, if it exists, is purely mathematical, the matter can no doubt be checked and adjusted in the recomputation of the deficiency under Rule 50.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice, under Rule 50.*