Sinnott, Judge,
delivered the opinion of the court:
Plaintiff from the year 1883 to June 30, 1919, when prohibition became effective, was engaged in the business of manufacturing and selling beer. The value of plaintiff’s good will on March 1, 1913, was $119,940.10. (Finding III.)
On July 1, 1919, on the advent of prohibition, plaintiff discontinued its business of manufacturing and selling beer and engaged in the business of manufacturing and selling what is commonly known as near beer, and continued in such business until the year 1925, using in such manufacture and sale of near beer the same physical assets as it had previously used in the manufacture and sale of beer. While plaintiff was engaged in the manufacture and sale of near beer from July 1, 1919, until the year 1925, it operated each ■year at a loss. In the year 1925 plaintiff ceased the manu *509 facture and sale of near beer and liquidated its assets and liabilities, and terminated business operations.
In tbe year 1920 plaintiff paid' income and excess-profits taxes for the year 1919 in the sum of $2,293.46, which is the amount involved in this case. It is plaintiff’s contention that its good will, which on March 1, 1913, had a value of $119,940.10, became entirely worthless during the taxable year 1919 on account of prohibition, and that during that year it thereby sustained a loss in that amount, and is entitled to deduct such loss from its gross income for its taxable year 1919, and to have refunded $2,293.46 taxes paid for 1919, pursuant to the terms of subsection (4) of section 234 (a), of the revenue act of 1918, 40 Stat. 1057, the pertinent parts of which read as follows:
“ Sec. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions: * * *
“(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise.”
We have denied plaintiff’s request for two additional findings of fact, which it claims necessarily flow, as conclusions of ultimate fact, from the stipulated Finding YI.
The rejected findings are as follows:
“ 1. During the year 1919, by reason of the passage of prohibition legislation, plaintiff’s good will was made worthless and of no value.
“ 2. During the year 1919 plaintiff sustained a loss in the amount of $119,940.10.”
We are confronted with the question: Did plaintiff’s good will become worthless during the year 1919 because it was deprived by prohibition of the right to manufacture and sell beer, although it continued, as a going concern until 1925, to manufacture and sell near beer under the old firm name and at the same place of business? In other words, did plaintiff’s good will consist solely of its right to manufacture and sell beer?
Good will has been variously defined by the courts. A favorite definition, repeated in many- decisions, is the probability that old customers will resort to the old place. It has been referred to as an asset, separate and distinct from *510 its stock of goods, or capital, consisting of the advantage inuring to the firm because of general public patronage; as a favor which the management of a business wins from the public; every advantage which the firm may have acquired with the name of the firm or business, its location or reputation.
The Supreme Court in Menendez v. Holt, 128 U. S. 521, says with reference to good will:
“ Good will was defined by Lord Eldon, in Cruttwell v. Lye, 17 Ves. 335,346, to be ‘ nothing more than the probability that the old customers will resort to the old place ’; but Vice Chancellor Wood, in Churton v. Douglas, Johnson V. C. 174,188, says it would be taking too narrow a view of what is there laid down by Lord Eldon, to confine it to that, but that it must mean every positive advantage that has been acquired by the old firm in the progress of its business, whether connected with the premises in which the business was previously carried on, or with the name of the late firm, or with any other matter carrying with it the benefit of the business.”
The Supreme Court in Metropolitan Bank v. St. Louis Dispatch Co., 149 U. S. 446, defines good will as follows:
“ Undoubtedly, good will is in many cases a valuable thing, although there is difficulty in deciding accurately what is included under the term. It is tangible only as an incident, as connected with a going concern or business having locality or name, and is not susceptible of being disposed of independently. Mr. Justice Story defined good will to be ‘ the advantage or benefit, which is acquired by an establishment, beyond the mere value of the capital, stock, funds, or property employed therein, in consequence of the general public patronage and encouragement which it receives from constant or habitual customers, on account of its local position, or common celebrity, or reputation for skill or affluence, or punctuality, or from other accidental circumstances or necessity, or even from ancient partialities or prejudices.’ Story Part. Sec. 99.”
It is apparent from the various definitions of good will, and particularly from the two citations, supra, from the Supreme Court, that many attributes other than the goods sold enter into the definitions and composition of good will. It must be obvious, therefore, that while plaintiff continued as a going concern at its old place of business and under its *511 old firm name, with many other advantages acquired in the progress of its business, as suggested in Menendez v. Holt and Metropolitan Bank v. St. Louis Dispatch Co., supra, that its good will, built up during many years, in part at least still adhered to the firm until it ceased operations in 1925.
It is doubtless true that this good will was diminished in value on account of the change from beer to near beer, but we are only concerned with the question whether plaintiff’s good will became worthless in 1919, for in the case of United States v. S. S. White Dental Manufacturing Co., 274 U. S. 398, cited by plaintiff, commenting upon the statute in question, the Supreme Court said:
“ The statute obviously does not contemplate and the regulations forbid the deduction of losses resulting from the mere fluctuation in value of property owned by the taxpayer.”
It is plaintiff’s contention because it suffered a loss each year in its near beer operations, as is shown in Finding YI, that it follows that its good will became worthless in the year 1919. As all the elements which made up plaintiff’s good will, with the exception of its right to manufacture and sell beer, remained with the firm until it terminated business in 1925, it might well be argued that plaintiff’s loss would have been even greater than itNwas during its near beer operations but for the value of the remnant of good will which remained as an inseparable part of its business until 1925. We can not escape the conclusion that plaintiff’s good will ivas of some positive advantage to the firm in the manufacture and sale of near beer, and that therefore the year 1919 was not the “ identifiable event,” as the Supreme Court terms it in United States v. S. S. White Dental Manufacturing Co., supra, which fixed the loss of plaintiff’s good will.
In this connection it may be well to recur to the statement of the Supreme Court in Metropolitan Bank v. St. Louis Dispatch Co., supra, that good will “is not susceptible of being disposed of independently.” The same was the reasoning of the Circuit Court of Appeals in Red Wing Malting Co. v. Willcuts, 15 Fed. (2d) 626, 633.
*512 The loss of good will, in connection with section 234 (a) (4), supra, of the revenue act of 1918, has been the subject of two decisions by the United States Board of Tax Appeals, from which we quote, as follows:
“ Good will being merely an incident of a going business, inseparably attached to tangible property and incapable of segregation and independent disposition, it is difficult to conceive upon what theory an allowance for the loss of its alleged value can be made as a deduction under section 234 (a) (4), independently of the tangible property or business to which it is attached. If, and when, the business or property of which the good will is an incident, is disposed of, the gain derived or the loss sustained by reason of the value, or loss of value, of the good will must of necessity be reflected in the return received from the disposition of such business or property. In the instant case the business or property was not disposed of but was continued and in use, and although its value may have been materially reduced, due to the operation of the prohibition law, no deductible loss has been sustained by the petitioner. See Frederick C. Renziehausen v. Commissioner, 8 B. T. A. 87.” (Garneau Co., 8 B. T. A. 1045.)
“ In a supplemental brief, petitioner presents the alternative proposition that it is entitled, under the provisions of section 234 (a) (4) of the revenue act of 1918, to deduct from income the loss, based on March 1, 1913, value, arising out of the destruction of its intangibles by prohibition legislation; although it contends that the loss should be spread over the years 1918 and 1919 in conformity with the same principle which would apply in the case of obsolescence. It is difficult to apprehend that the claimed deductions may be brought within the provisions of the statute upon which the petitioner relies. They provide for the 'deduction of only such losses as are ‘ sustained during the taxable year ’; and surely the facts do not support a finding that petitioner has sustained such a loss as to bring it within those provisions. A loss is sustained, within the meaning of the statute, only when it is a realized loss and is evidencéd by a completed and closed transaction, Appeal of A. J. Schwarzler, 3 B. T. A. 535; Appeal of Old ’76 Distilling Co., 3 B. T. A. 1346; and A. H. Fell v. Commissioner, 7 B. T. A. 263; and until the investment is converted into terms of money by sale or other disposition, or its worthlessness otherwise demonstrated, there is neither loss nor gain and income is *513 neither greater nor less. Marigold Garden Co. v. Commissioner, 6 B. T. A. 368. Petitioner continued in business after the advent of prohibition; and its good will continued as an inseparable part of the business. There could be no loss in respect of the good will until the business is terminated by sale or other disposition, and neither of these events occurred within the taxable years in question. Cf. Frederick C. Renziehausen v. Commissioner, supra. It is literally true that prohibition wholly destroyed the predominating and most lucrative feature of its business; and that after the advent of prohibition it carried on with a mere remnant of its former business, in new marts of trade. But the most favorable view to the taxpayer to be had in these circumstances is that the March 1, 1913, value of its good will was greatly diminished by prohibitory legislation; but a loss of this character is not within the statute.” (Morand Bros., 8 B. T. A. 1266.)
We conclude that the commissioner was correct in denying plaintiff’s refund. The petition will be dismissed. It is so ordered and adjudged.
GrbeN, Judge; Moss, Judge; Graham, Judge; and Booth, Chief Justice, concur.