SIMON SHERMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT

Docket No. 36328.   Promulgated January 31, 1930.

*Samuel J. Stone, Esq.*, for the petitioner.
*W. F. Gibbs, Esq.*, for the respondent.

**OPINION.**

SMITH : The petitioner alleges that he sustained a loss in 1924 upon his investment made in 1919 of $5,000 in the capital stock of Sherman Clothes Shop, Inc. The evidence in support of the contention is very meager. The balance sheet of the corporation at the end of 1924 shows accounts payable in excess of all the assets. So far as the record shows, this may have been the situation in prior years. The corporation was continued and manufactured articles of clothing which were sold by the petitioner up to some time in 1929. Even if the liabilities of the corporation in 1924 were in excess of its assets, there is nothing to show that the situation might not have changed in subsequent years. There is no identifiable event which would place the loss in 1924. *United States* v. *White Dental Mfg. Co.*, 274 U. S. 398. The action of the respondent in disallowing the deduction of the alleged loss of $5,000 is sustained.

The Revenue Act of 1924 permits an individual to deduct from gross income "debts ascertained to be worthless and charged off within the taxable year." (Sec. 214(a)(7)). The petitioner has offered no evidence aside from the balance sheet with respect to this item. The petitioner was apparently financing the corporation, paying its bills, and selling its product. Persons dealing with the corporation were apparently extending it credit upon the basis of the guarantee of the petitioner. The record does not disclose how the petitioner kept his books of account nor anything relative to the alleged debt of $4,359, nor does it disclose that the petitioner charged the amount off as a bad debt upon his own books of account. The determination of the respondent upon this point is sustained for lack of evidence proving error on the part of the respondent in disallowing the deduction of the alleged bad debt.

*Judgment will be entered for the respondent.*

