AMERICAN WAREHOUSE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29330. Promulgated February 24, 1930.

*R. W. Franklin, Esq.*, for the petitioner.
*R. W. Wilson, Esq.*, for the respondent.

OPINION.

MARQUETTE: In this proceeding the first question is whether the facts justify the petitioner's determination that the debt owing to it by the Crescent Broom Co. was worthless at the close of the taxable year.

The Revenue Act of 1921 provides in section 234 (a) (5) that in computing the net income of a corporation subject to tax, there shall be allowed as deductions debts ascertained to be worthless and charged off during the taxable year; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt

to be charged off in part. The petitioner has charged off its books as worthless a debt amounting to $3,733.73 and has deducted that amount in its income-tax return. The respondent has disallowed from the claimed deduction the amount of $1,318.17, which is approximately, if not exactly, what the petitioner collected during the year following that in which the debt was charged off. The balance of the deduction claimed, $2,415.56, was allowed by the respondent.

It is rather apparent that the respondent's determination, which was made in May, 1927, was based upon facts developed subsequent to the taxable year, rather than upon the circumstances as they appeared in May, 1923, before the petitioner had collected any portion of the debt. The respondent does not question the correctness of the petitioner's action in ascertaining the worthlessness of the debt due, and writing it off, to the extent of $2,415.56. If the debt was worthless to that extent in May, 1923, we can not discover anything in the record to indicate that any part of it was probably collectible in view of the circumstances at that time.

This Board has defined the ascertainment of the worthlessness of a debt, in whole or in part, as "the exercise of sound business judgment based upon as complete information as is practically obtainable." *John E. Saddler*, 2 B. T. A. 1305. And we have further declared that: "Such an ascertainment must be viewed in the light of the surrounding facts and circumstances, which must be such as to cause a reasonably prudent business man to conclude that the debt is worthless to the extent so ascertained. A remote hope of ultimate salvage is not sufficient to deny a deduction." *Howard McCutcheon*, 18 B. T. A. 834.

In the present instance the petitioner's manager made two trips to New Orleans during the taxable year which ended May 31, 1923, to investigate the condition of the debt then due to the petitioner. This manager learned that the debtor's business had shrunk about 90 per cent in volume in a few years and was in bad condition; he learned that Oertling, a stockholder in the debtor company and its real financial backer, was himself widely in debt; he learned from banks with which Oertling did business that the whole outlook as to collecting the debt was very dubious at best; he tried to obtain some personal property of Mrs. Oertling's, but was unable to do so. He concluded from all he had thus learned that the debt was lost and that collection could not be enforced by action in court, and as a result the petitioner charged the debt off its books of account as being worthless. In our opinion such action was justified by the situation as it then existed, as an exercise of sound business judgment and discretion. As was said in *United States* v. *White Dental Mfg. Co.*, 274 U. S. 398: "The taxing act does not require the tax-

12

payer to be an incorrigible optimist." See *Pacific Pipe & Supply Co.*, 2 B. T. A. 870; *Egan & Hausman Co.*, 1 B. T. A. 556. The determination of the respondent was erroneous and the amount of the debt charged off by the petitioner should be allowed in full.

Another question here presented has reference to the correctness of the petitioner's inventory of broomcorn on hand on May 31, 1921. There is no dispute as to the quantity of goods inventoried; but the respondent has valued the goods at a flat rate of $66 per ton. The facts show that the petitioner had on hand broomcorn of four different grades, each grade having a different value, and that the average value of all grades was $128.15 per ton. The respondent's valuation, therefore, was far too low. It should be set aside and the petitioner's inventory valuation should be used in recomputing the tax.

*Judgment will be entered under Rule 50.*