HARRY SANDLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29142.     Promulgated May 11, 1931.

*C. P. Woodbury, Esq.*, for the petitioner.
*Frank B. Schlosser, Esq.*, for the respondent.

OPINION.

LANSDON: The record is clear and the respondent concedes that petitioner lost his entire investment in the stock of the Midwest Reserve Trust Company. The only question here is whether such loss was sustained in the taxable year as pleaded by the petitioner or in some prior year as contended by the respondent. The officer of the Commerce Trust Company who had charge of the liquidation of the assets of Midwest testified that no information or statement as to the value of such assets or the probable results of the liquidation thereof was sent to the directors or stockholders of Midwest prior to December 31, 1923, and that at such date the remaining assets of the insolvent bank had a very substantial value. The petitioner testified that prior to 1924, he could get no definite information as to the condition of Midwest or the probable results of the liquidation of its assets. In 1924 he was assured by bankers connected with the Association that the stockholders of Midwest would realize nothing from the liquidation.

In our opinion the petitioner has sustained the burden of proof necessary to support his allegation of fact. The sale of the stock in 1924 for $1 has no real bearing on the issue and the bona fides of that transfer is not material. The transaction was entered into for profit and resulted in a loss which the petitioner is entitled to deduct from his gross income in the year in which it was sustained. The respondent, while conceding the loss, contends that it was deductible in 1921, or, at the latest, in 1923. There is nothing in the record to indicate that a deduction from income on account of the worthlessness of Midwest stock would have been allowed before 1924. The corporation was in liquidation and still had unrealized assets of substantial value. Prior to 1924, petitioner hoped to save some of his investment, but no man is required to be an " incorrigible optimist." In 1924, on sufficient information, he abandoned hope and in his income-tax return deducted the cost of the Midwest stock from his gross income as a loss sustained in that year. We are of the opinion that the loss in question was sustained as alleged and should be deducted from petitioner's gross income in the taxable year. See *United States* v. *White Dental Mfg. Co.*, 274 U. S. 398.

*Decision will be entered for the petitioner.*