JOHN W. BURDAN, CLARA M. KULP, ELSIE S. BURDAN, THE SECURITY TRUST COMPANY, EXECUTORS, ESTATE OF C. C. BURDAN, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 87506. Promulgated April 13, 1938.

*Harold D. Saylor, Esq.*, and *John B. Peery, C. P. A.*, for the petitioners.

*E. L. Corbin, Esq.*, for the respondent.

**OPINION.**

Tyson: The question to be decided is whether C. C. Burdan actually sustained in 1933 a loss of $118,400, the cost to him of 3,200 shares

of class A common stock of the Products Corporation. Petitioners contend that the loss was sustained by reason of the fact either (1) that said shares became worthless in that year, or (2) that it became certain in 1933 that those shares, which had been pledged as collateral, would never be returned to him and that as a consequence his entire investment therein then became lost.

A loss upon worthless stock is deductible only in the year in which the stock actually becomes worthless, and the burden is upon the petitioners to establish by reasonably convincing evidence that the claimed loss herein was sustained in the taxable year of 1933. *Royal Packing Co.* v. *Commissioner*, 22 Fed. (2d) 536; *Forbes* v. *Commissioner*, 62 Fed. (2d) 571; *United States* v. *White Dental Manufacturing Co.*, 274 U. S. 398.

In this proceeding the evidence establishes that, while the Products Corporation was experiencing some financial difficulties during 1933, the extent of which is not fully disclosed, it was a going concern which had sales in excess of $16,000,000 during that year and had assets in excess of $25,000,000 at the close of 1933, valued on a going concern basis. There is no evidence of insolvency of the Products Corporation during 1933 even though it did sustain an operating loss of approximately $602,000 during that year and experienced difficulty in the collection of the subscriptions made under the 1932 plan of reorganization of the Operators Co. During 1933 the Products Corporation collected approximately $180,000 of such subscriptions and there is no evidence of what portion, if any, of the unpaid subscriptions, amounting to approximately $719,000, carried as an asset at the end of 1933, was definitely uncollectible. The fact that there had been a shrinkage in the value of the Products Corporation common stock owned by C. C. Burdan and that the conditions existing at the end of 1933 may have been such as to lead him to his conclusion that, without a change for the better, he probably would sustain a loss on his investment in such stock, is not sufficient to establish actual worthlessness in that year. Upon this record we conclude that the class A common stock of the Products Corporation did not actually become worthless in 1933. Cf. *C. A. Goding*, 34 B. T. A. 201; appeal dismissed February 11, 1938; *Daniel J. Ryan*, 19 B. T. A. 52; *H. H. Moyer*, 12 B. T. A. 429.

The 3,200 shares of class A common stock of the Products Corporation which C. C. Burdan loaned to the Operators Co. in the spring of 1932, for the latter's use as collateral, were to be returned to him in kind. Under the 1932 plan of reorganization the Products Corporation assumed the obligation to return such shares in kind after its repayment of the bankers', brokers', and Burdan's loans out of collections on the subscriptions made under the plan of reorganization, but it was further provided that, if after three years such col-

lections were insufficient to reimburse the Products Corporation to the extent of its obligation to repay those loans, then such shares were to stand as security to the Products Corporation for any deficiency.

At the close of the year 1933 the loans on which C. C. Burdan's shares had been pledged as collateral had not been fully repaid and accordingly he was not then entitled to have his shares returned to him. During the year 1933 the Products Corporation had collected approximately $180,000 on the subscriptions and had reduced the loans by that amount. The record discloses that there was a decline in the amount of subscriptions collected, but there is no evidence establishing the fact that as of the close of the year 1933 future collections on such subscriptions would be wholly insufficient to repay the loans.

The testimony of a witness to the effect that he believed that in 1933 the stock had been transferred to the name of a bank as trustee is too vague and indefinite to constitute any proof that the stock had been appropriated or converted by the Products Corporation. Consequently there is no proof of the creation of a debt due Burdan, in any amount, on account of an appropriation or conversion of his 3,200 shares of Products Corporation stock in 1933. However, petitioners do not press a claim for a deduction of any amount as a worthless debt. The petitioners' effort to establish that the stock had been appropriated in 1933 was made in support of their contention that Burdan sustained a loss of his entire investment of $118,400 in the 3,200 shares of Products Corporation stock, because it became certain in 1933 that the stock would never be returned to him.

Upon this record we conclude that in 1933 it was not established that C. C. Burdan's 3,200 shares of class A common stock of the Products Corporation would never be returned to him by the parties to whom it had been loaned. Therefore, there is no basis in fact to support the claimed loss of $118,400 on that ground.

*Decision will be entered for the respondent.*