DUDLEY R. PARSONS AND MARY J. PARSONS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HAROLD B. NIVER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 3440, 3441. Promulgated December 27, 1944.

*Elorion Plante, C. P. A.*, for the petitioners.
*Melvin S. Huffaker, Esq.*, for the respondent.

**OPINION.**

SMITH, *Judge*: Under section 23 (e), Internal Revenue Code, deductions on account of the worthlessness of shares of stock acquired for profit are allowable in the year when the stock actually becomes worthless. Petitioners here contend that the stock of both Parsons Land Co. and Penn Allen Land Co. became worthless in 1941, when the real estate which those companies had formerly owned and which had comprised their only assets of any value was finally sold at public auction for delinquent taxes. The respondent has determined that the shares of both corporations became worthless prior to January 1, 1941, and had no value on or after that date.

We think that the evidence before us amply supports the respondent's determination. The companies were engaged in a hazardous and highly speculative business. Their prosperity was dependent upon a sustained market for real estate of the subdivision character. In the case of Parsons Land Co., which was the more promising of the two, no lots were sold after 1930 or 1931. Thereafter the company remained more or less dormant, permitting a large amount of delinquent taxes to accrue against its properties and finally permitting the seizure and sale of them by the state.

In their contention that the stock of both corporations became worthless in 1941, petitioners rely chiefly upon the provisions of the Michigan statute referred to above which extended the corporations' right to redeem the properties even after they had been taken over by the state and sold at public auction. However, it is quite apparent from the evidence, we think, that this right was not of sufficient importance to give the companies' shares any market value. The evidence is that the officers of the corporation—petitioners herein—never made any effort to redeem the properties and never had any expectation of doing so at any time during the taxable year.

We do not think that the public sale of the companies' properties in 1941, or the lapse of the 30-day period thereafter, was in any sense the "identifiable event" which determined the loss to the stockholders of their investments in the companies' stock. See *United States* v. *White Dental Mfg. Co.*, 274 U. S. 398.

Since, as we have found on the evidence of record, the stock in question had no value at January 1, 1941, or thereafter, no loss deduction

on account of its worthlessness can be taken in that year. See *San Joaquin Brick Co.* v. *Commissioner*, 130 Fed. (2d) 220.

We have before us here not a question as to the time when the corporations owning the real estate might properly have claimed a deduction on account of their losses, whether prior to or at the time of the expiration of the last period of redemption (see *Intercounty Operating Corporation*, 4 T. C. 55, and cases there discussed), but rather the question of the time when the stock of these corporations became worthless. Conceivably, the corporations might still have had some rights of value in the real estate long after their shares became worthless. The evidence before us here, however, does not show either the value of the properties or the amount of the encumbrances against them. On the record before us we must sustain the respondent in his determination that the shares of stock of both corporations became worthless prior to January 1, 1941.

*Decisions will be entered for the respondent.*