**STEARNS v. UNITED STATES.**

**No. 3003.**

District Court, D. Massachusetts.

March 29, 1945.

H. Brian Holland, of Boston, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., and George F. Garrity, Asst. U. S. Atty., both of Boston, Mass., for the United States.

HEALEY, District Judge.

### Findings of Fact

The stipulation of facts, together with the exhibits annexed thereto, is incorporated in, and made a part of, these findings of facts. No further evidence was introduced. The following are ultimate findings of fact based on the stipulated facts.

1. The fifty shares of preferred stock acquired by the taxpayer in 1927 did not become worthless prior to 1937.

2. The order of the United States District Court for the Southern District of New York in May of 1937 declaring Day & Meyer to be insolvent, coupled with the evidence at the hearing of May 13, 1937, clearly indicating the insolvency of Day & Meyer, the approval of the plan of reorganization on July 8, 1937, and the financial history and status of Day & Meyer over a period of years, showed for the first time that the shares were worthless. The evidence adduced at the hearing showed that the total liabilities exceeded the total assets. The financial history and status of Day & Meyer and the provisions of the proposed plan of reorganization, clearly indicated that, even if the proposed plan of reorganization were not disapproved by the United States Circuit Court of Appeals, there was no more than a remote possibility that the taxpayer would receive any dividends on the common stock which, under the plan, he was to receive in place of his preferred shares. Furthermore, on June 7, 1937, the United States Circuit Court of Appeals for the Second Circuit had decided In re Barclay Park Corporation, 90 F.2d 595. It was clear from that case that the proposed plan of reorganization for Day & Meyer would not be approved on appeal to that Circuit Court of Appeals; and an appeal by a bondholder was granted by that Court on October 11, 1937.

### Conclusions of Law

1. The order of insolvency of May 17, 1937, together with the other circumstances indicated in finding of fact No. 2, established that the taxpayer's preferred shares were worthless.

2. The determination of insolvency was an identifiable event indicating that the stock was worthless.

3. The taxpayer need not establish that there is no possibility of eventual recoupment in order to be entitled to a deduction for a "loss".

4. The plaintiff's shares of preferred stock in Day & Meyer became worthless in 1937 resulting in a loss which was deductible in 1937. See generally United States v. S. S. White Dental Mfg. Company, 274 U.S. 398, 47 S.Ct. 598, 71 L.Ed. 1120; Clark v. Welch, 1 Cir., 140 F.2d 271.

5. Judgment shall be entered for the plaintiff as stipulated in the paragraph numbered 15 of the "Stipulation of Facts".