OPINION. Hill, Judge: The only error assigned by petitioner is that the Commissioner erroneously disallowed a deduction of $6,682.17 “representing a capital loss of investment in a trust.” He alleges in his petition that, having received only $3,635.66 of his original investment of $17,000, the balance of $13,364.34 is deductible as a capital loss in 1940. Thus, we have presented for decision the question whether or not the long term capital loss claimed by petitioner was sustained in 1940. The facts are not in dispute. On April 1, 1936, all of the assets of the trust t'o which petitioner had contributed $17,000 amounted to $27,016.21. In June 1936 such assets, to the extent of $25,432.27, were distributed, petitioner receiving as his share thereof $3,422.51. At that time the remaining assets of the trust consisted of: Balance impounded in closed First National Bank in account of John O. Bills as trustee- $427.68 Bankers Trust Co., agent_.- 1, 092. 76 Uncollected rents_ 63. 50 Total_ 1, 583. 94 After the June 1936 distribution 20 of the 30 beneficiaries of the trust assigned their interests therein to Bankers Trust Co. Upon receipt on November 18,1940, from the receiver of the First National Bank of the final dividend of principal of the impounded fund, apparently consisting of the items of $427.68 and $1,092.76, distribution was made to petitioner of $213.15, being his pro rata share of the remaining trust assets of $1,583.94. On December 18, 1940, petitioner assigned his interest in the trust to Bankers Trust Co. It is contended by petitioner that the loss was sustained in 1940, the assignment of his interest in the trust in 1940 being the identifiable event which constituted the transaction closed and completed. It is argued by petitioner that, since the property was held in trust, the fact that the trust lost the real estate in 1936 is not at all conclusive or determinative of the time of the loss of petitioner, a beneficiary of the trust. In general, a loss to be deductible must be evidenced by a closed and completed transaction fixed by an identifiable event. United States v. White Dental Mfg. Co., 274 U. S. 398, and United States v. Sentinel Oil Co., 109 Fed. (2d) 854; certiorari denied, 310 U. S. 645. An “identifiable event” has been defined as “an incident or occurrence that points to or indicates a loss.” The evidence may “vary according to circumstances and conditions” and may “appear in the assets of a business depreciated to exhaustion.” Industrial Rayon Corporation v. Commissioner, 94 Fed. (2d) 383; certiorari denied, 304 U. S. 572. In determining whether losses are deductible, substance, and not mere form, governs. North Jersey Title Insurance Co. v. Commissioner, 84 Fed. (2d) 898. “The general requirement that losses be deducted in the year in which they are sustained calls for a practical, not a legal, test.” Lucas v. American Code Co., 280 U. S. 445. In June 1936 all of the assets of the trust except $1,583.94, were distributed by the trustee to the beneficiaries. It was testified that in 1936 it was common knowledge that the receiver of the bank had further assets, but it was not generally known what he would ultimately pay on claims, and that at that time “it was anybody’s view what kind of recovery” might be had “on assets such as he [the receiver of the bank] had in Detroit.” At that time and under all the circumstances, although there was expectation of some recovery, it could not be ascertained with reasonable certainty what the amount of such recovery would be. The fact of the extent of the loss herein was not established “beyond possibility of doubt by event occurring,” in 1936 as was the case in Commissioner v. Winthrop, 98 Fed. (2d) 74, wherein stockholders had surrendered their stock in 1932 and received bonds having a definite market value and a liquidation certificate having an estimated value, which turned out to be correct, and representing an interest in cash retained, by the company in excess of estimated amount necessary for payment of taxes, expenses, and costs of dissolution. It was held therein that, although the taxpayer did not actually receive the estimated value of the liquidation certificate until 1934, he sustained a loss in 1932, as the amount of his loss was then determinable with reasonable certainty, since the bonds and liquidation certificate had a value susceptible of determination. “Partial losses are not allowable as deductions from gross income so long as the stock has a value and has not been disposed of.” Dresser v. United States, 55 Fed. (2d) 499. Herein the amount of further distributions could not be determined with reasonable certainty. It would serve no useful purpose to discuss the other cases cited by the parties. When a loss is sustained is a question of fact and the determination in each case depends upon its own peculiar facts. Since our conclusion, based upon all the evidence presented, is that petitioner sustained the loss on his investment in the trust in 1940, Decision will be entered for the petitioner.