FIRST NATIONAL BANK OF BELLFLOWER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9351. Promulgated February 25, 1948.

*George H. Koster, Esq.,* for the petitioner.
*H. Arlo Melville, Esq.,* for the respondent.

OPINION.

KERN, *Judge*: The basic question in this proceeding is whether the evidence shows that the petitioner had "losses sustained during the taxable year" within section 23 (f) of the Internal Revenue Code.

Counsel for the respondent orally stipulated at the hearing that the petitioner's general ledger was "in balance at all times." The effect of that stipulation is to eliminate the general ledger as a possible source of any of the errors which caused a discrepancy between the petitioner's individual and general ledgers during June 1943.

The original discrepancy of approximately $2,100 was due to several types of errors in the individual ledger. The petitioner's subsequent investigations resulted in a reduction of the discrepancy to $1,726.50. That reduction was due to the discovery of mechanical or mathematical errors, and the evidence satisfies us that such errors were eliminated beyond any reasonable doubt. The investigations also proved that there was no error on the deposit side of the ledger.

The petitioner exhausted every means of tracing the error, or errors, through the records remaining in its possession. It had all of the records except the checks which had been returned to its depositors. The inference which must be drawn from all the evidence is that the final discrepancy was due solely to the loss or return of checks paid by petitioner before they had been charged to the proper individual accounts of the depositors drawing or endorsing the checks. We have given effect to that conclusion in our findings of fact.

The findings of ultimate facts are contrary to the respondent's basic premise, i. e., that the nature of the error is not known. From that premise the respondent argues that a charge-off to balance books is not sufficient in and of itself to entitle the petitioner to a deduction for a loss. See *Albert Nelson*, 6 T. C. 764, 772; *Columbia Envelope Co.*, 21 B. T. A. 1270; *Fair Store Corporation*, 11 B. T. A. 1033; *Union Savings Bank*, 10 B. T. A. 1175. Those cases are clearly inapplicable, however, where, as here, the evidence establishes that petitioner actually sustained a loss.

The final phase of the respondent's argument is that, since the petitioner is on a cash receipts and disbursements basis, it "could not be said to have felt the effect of the bookkeeping error until the depositor whose account was in error withdrew from the bank more than he was correctly entitled to." That theory obviously ignores the fact that the petitioner actually made cash payments for the checks which were lost or returned before they had been charged to the depositors. The general ledger shows that the petitioner paid out its funds when the checks were presented for payment. It made payments over the counter or through clearing house transactions. The payments were made to or on behalf of its depositors during the taxable year.

In the normal course of events the petitioner would have reimbursed itself for payment of the checks by making charges to the depositors' accounts. The facts show that it failed to do so, and, during the taxable year, could not do so, because the checks upon which it had made payments had been lost or returned. Thus the petitioner had lost the only evidence it had of its right to charge the proper individual accounts of the depositors who had drawn or endorsed the checks upon which it had made payments. It was then out of pocket with nothing more than a remote hope of recovery for which it was entirely dependent upon the voluntary action of its depositors. Cf. *United States v. White Dental Mfg. Co.*, 274 U. S. 398. The evidence indicates that recovery by reason of the voluntary action of depositors in rectifying mistakes in their accounts made in their favor was no more probable than the recovery, by reason of the debtor's voluntary action, of a debt

made legally uncollectible by the discharge in bankruptcy of the debtor. The loss or return of the checks rather than the charge made against petitioner's undivided profits account was the event which fixed the petitioner's actual loss under the statute, and closed the transaction beginning with its payment of the checks. However, the charge-off is pertinent in that it evidences the judgment of the petitioner's officers that an irrecoverable loss had been sustained in the taxable year. In our opinion their judgment is supported by the facts. We hold that the loss in question was sustained during the taxable year and therefore is deductible under section 23 (f).

Reviewed by the Court.

*Decision will be entered under Rule 50.*