Waclaw Szukiewicz v. Commissioner.
Szukiewicz v. Commissioner
Docket No. 24823.
United States Tax Court
1951 Tax Ct. Memo LEXIS 306; 10 T.C.M. (CCH) 193; T.C.M. (RIA) 51102; March 6, 1951
John M. Keating, Esq., 41 E. 42nd St., New York, N. Y., for the petitioner. Pershing W. Burgard, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion This proceeding involves an income tax deficiency of $4,454.60 for 1945. The only question in issue is whether petitioner is entitled to a loss deduction in 1945 of $30,000 representing the value, and cost basis, of a farm located in Eastern Poland which was seized by the Russian Army in 1939. There is no serious dispute as to the evidentiary facts. Findings of Fact Petitioner is a citizen of the United States and is a resident of New York. He filed his income tax return for 1945 with the collector of internal revenue for the first district of Pennsylvania. Petitioner was formerly a citizen and resident of Poland. In 1931 he inherited *307 from his father a farm located in Lida, Poland. The farm consisted of 280 hectares (approximately 700 acres), with various improvements and equipment, but subject to certain charges specified in the father's will. For Polish estate tax, or inheritance tax, purposes petitioner's interest in the farm was valued at 159,542 zlotys, or approximately $31,160 at the rate of exchange then prevailing. Petitioner lived on the farm and operated it for profit, producing mostly grains and livestock, until 1939. In September of that year the farm was seized by the Russian Army. All of the men on the farm were deported or taken under arrest. Petitioner's wife was forced to leave the premises and was permitted to take with her only what personal possessions she could carry in a small travelling bag. She remained in a near-by village for about two years and thereafter lived in Warsaw, in an apartment owned by petitioner, during its occupancy by the Germans. The apartment was destroyed during the Warsaw insurrection in 1944 and she was taken to a German concentration camp. She later escaped to the United States and joined petitioner, who had come to this country in 1941. Neither the petitioner nor *308 his wife has ever been back to the farm since its occupancy by the Russians in 1939. In 1941 the German Army occupied the territory in which petitioner's farm is located. The German Government announced publicly that it intended to restore to its rightful owners all private property which had been seized by the Russians. However, petitioner's property was never restored to him. The Polish Government in Exile continued to claim sovereignty over the territory in which petitioner's farm was located at least until the signing of the Yalta agreement in 1945. That government had been recognized as the existing government of Poland by the United States Government up to that time. The dispute over the territory in question between Germany, Russia, and Poland continued until the matter was finally settled by the Yalta and Potsdam agreements. It has since been occupied by the U.S.S.R. Opinion LEMIRE, Judge: Our sole question here is whether by reason of the above described events petitioner is entitled to a deduction in 1945 on account of the loss of his farm. He claimed the deduction of such loss in the amount of $30,000 in his 1945 return, stating that the deduction was being claimed *309 as a "war loss." In his petition in this proceeding he claims the deduction either under section 117(j), Internal Revenue Code, as a loss resulting from "involuntary conversion" of his farm property or under section 23(e)(3), Internal Revenue Code, as a casualty loss. There is no dispute either as to the value of the property in question or as to the fact of petitioner's ultimate loss of it. The property was seized by the Russians in 1939. Petitioner was dispossessed at that time and has never regained possession or any semblance of ownership. Petitioner concedes that the war loss provisions of section 127, Internal Revenue Code, are not applicable and argues a fortiori that the deduction under some other provision of the Code is not excluded. See Abraham Albert Andriesse, 12 T.C. 907. Whatever might be said of the characterization of the petitioner's loss as an "involuntary conversion" under section 117(j) or as a "casualty" under section 23(e)(3), the deduction claimed can not be allowed under either of these sections for the simple reason that the loss did not occur in the year 1945 when it is *310 claimed. The most that did take place in 1945, as affecting petitioner's loss of his property, was the signing of the Yalta agreement and, as a consequence, petitioner's abandonment of all hope of ever recovering his property. There was no conversion of the property in that year nor was there any physical change in it, such as might be termed a "casualty." In United States v. S. S. White Dental Mfg. Co., 274 U.S. 398, a loss deduction resulting from the seizure of property by the German Government was allowed in the year of the seizure, notwithstanding the possibility of a later recovery of some or all of the loss. The Court said that the statute contemplates the deduction of losses which are "fixed by identifiable events" and that "It is enough to justify the deduction here that the transaction causing the loss was completed when the seizure was made." In the absence of any identifiable event fixing petitioner's loss as a loss of the taxable year 1945, the deduction claimed must be disallowed. Decision will be entered for the respondent.