David Cohen v. Commissioner.
Cohen v. Commissioner
Docket No. 42396.
United States Tax Court
T.C. Memo 1954-73; 1954 Tax Ct. Memo LEXIS 175; 13 T.C.M. (CCH) 563; T.C.M. (RIA) 54179; June 21, 1954, Filed *175 Scott P. Crampton, Esq., 934 Bowen Building, Washington, D.C., for the petitioner. Joseph F. Rogers, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The respondent determined a deficiency in the income tax of petitioner for the calendar year 1950 in the amount of $11,137.72 and an addition to tax under Section 294(d) of the Internal Revenue Code in the amount of $2,727.69. Petitioner has waived all but one of the allegations of error made in his petition. The only remaining issue is whether a certain non-business debt owed to petitioner became worthless during 1950. [The Facts] The petitioner filed his income tax return for the calendar year 1950 with the collector of internal revenue for the second district of New York. In the year 1949 he made four loans in the total amount of $9,500 to one Joseph Wohl and one loan in the amount of $3,500 to the D'Or Jewelry Co., Inc., a New York corporation, all of the stock of which was owned by Joseph Wohl. These loans were evidenced by notes, payable to petitioner on demand, issued as follows: Date of Issue
Amount
Obligor
February 18, 1949
$5,000
Joseph Wohl
May 16, 1949
2,000
Joseph Wohl
August 10, 1949
2,000
Joseph Wohl
September 17, 1949
3,500
D'Or Jewelry
Co., Inc.
November 14, 1949
500
Joseph Wohl
*176 Payment of the note made by the D'Or Jewelry Co., Inc., was guaranteed by Joseph Wohl, individually, by an endorsement on the reverse side of the note. On September 17, 1949, as security for such loans, petitioner received a chattel mortgage on all of the personal property of the D'Or Jewelry Co., Inc., in the amount of $12,500, executed by Joseph Wohl as president of the corporation. Joseph Wohl operated his affairs through the D'Or Jewelry Co., Inc., which was in the business of manufacturing costume jewelry. To some extent he was also an inventor and had developed a process of electroplating which was used in the manufacture of the costume jewelry. During the period relevant herein, Wohl was attempting to perfect a process of applying metal decorations to textiles to be used in clothing manufacture and had obtained a patent on such process. His costume jewelry business was not in sound financial condition and he spent substantial amounts of money in attempting to market and develop his new invention. In the latter part of the year 1949, petitioner made demands on Wohl for payment on the notes. The demands failed to produce payment and in January 1950 petitioner instructed his *177 attorney to take action toward collection of the amounts due. Petitioner's attorney held repeated conferences with Wohl throughout 1950 and until the latter part of 1950 refrained from taking any formal action. He investigated the financial condition of Wohl and the D'Or Jewelry Co., Inc., and formed the conclusion that neither Wohl nor the corporation had any substantial assets which could be used to satisfy the obligations. On October 5, 1950, Wohl executed a "Statement and Confession of Judgment" in favor of petitioner in the amount of $14,032.42 which represented the sum of the principal amount of $13,000 and interest to October 1, 1950, in the amount of $1,032.42. Such document, hereinafter referred to as "the confession of judgment" was filed with the County Clerk and Clerk of the Supreme Court, New York County, on December 20, 1950, and judgment was entered for petitioner in the amount of $14,053.62, which was the amount of the confession of judgment with the addition of $21.20, representing costs. At the end of 1950, Wohl had no assets of value which could be used to satisfy the judgment. On August 30, 1951, an order of execution was issued to the Sheriff of the city of New *178 York and was returned by the Sheriff marked "unsatisfied" on October 18, 1951. No money payment was received during 1951 on the amounts due petitioner. On December 18, 1951, petitioner, in order to assist in the refinancing of the D'Or Jewelry Co., Inc., and perhaps yet secure some payment on the amounts due him, executed a release of the chattel mortgage and certified that the indebtedness secured thereby had been "paid". On December 20, 1951, petitioner executed a "Satisfaction of Judgment" stating that the judgment had been "wholly paid". These documents were executed in consideration of an acknowledgement by Wohl that there was no defense to the old judgment and the execution of a new "Statement and Confession of Judgment" by Wohl. The new confession of judgment was executed by Wohl on December 18, 1951, but had not been filed at the date of the hearing. New notes evidencing an indebtedness of $15,014.69 were also executed in favor of petitioner by Wohl at about the same time and have been kept current by renewals when necessary. In the early part of 1952 petitioner received from Wohl $5,014.69 in part payment of the indebtedness due him. No other payment has been received *179 by petitioner on account of such indebtedness. In 1953 Wohl became ill and had a serious operation. Petitioner and Wohl were friends, and on November 7, 1953, petitioner made a loan of $1,500 to Wohl to defray the expenses of the illness. [Opinion] The petitioner in his income tax return for 1950 claimed a long-term loss for a non-business bad debt in the amount of $6,500 under the provisions of Section 23(k) of the Internal Revenue Code. The only question before us is whether the debt of $13,000 due petitioner was worthless at the end of 1950. The issue is one of fact, and, although the evidence might support a conclusion either way, we think that the scales tip in petitioner's favor. Wohl and his controlled corporation, D'Or Jewelry Co., Inc. (which appears to be merely an alter ego of Wohl), were in serious financial condition in 1950. Wohl was having difficulty in meeting his rental obligations and had approached petitioner in an effort to borrow in order to pay his rent. Repeated conferences were held by petitioner's attorney and Wohl in an attempt to arrive at some suitable basis for payment of the notes. These proved to be of no avail. The efforts *180 of petitioner's attorney to locate some assets of Wohl which could be used to satisfy the debt were unsuccessful. The testimony at the hearing satisfies us that the costume jewelry business in which Wohl was engaged was at a low point and that there was no real hope that the future would change that situation. The only chance that there then appeared to be of making any collections on the notes was the slight possibility that Wohl's invention would prove to be successful and he might realize some income from that source. And in the circumstances disclosed by this record we find that possibility too tenuous, as of the end of 1950, to defeat the claim of worthlessness. A taxpayer is not required to be an "incorrigible optimist." Cf. United States v. White Dental Co., 274 U.S. 398, 403. It is true that an attempt to execute on the first confession of judgment was not made until 1951, but it appeared to petitioner's attorney that such an effort would have been useless. And it is also true that petitioner appears not to have treated the debt as worthless by releasing the chattel mortgage and first judgment and obtaining a new judgment and new notes which have been kept current *181 by renewals. Such actions, though perhaps inconsistent with a claim of worthlessness in an earlier year, can be explained, however, as attempts to salvage something from a transaction, which in the earlier year appeared to be a complete loss. Indeed, this seems to be borne out by the fact that petitioner received a payment of approximately one-third of the indebtedness due him in 1952. But this issue must be decided in the light of the facts as they existed in 1950, and as of that time we are satified that the indebtedness in question became worthless. We conclude and find as a fact that petitioner has established that the debt was worthless at December 31, 1950; he is therefore entitled to the deduction which was disallowed by the respondent. Any changes in the amount of the addition to tax under Section 294(d) of the Code will be taken into account in the computation under Rule 50. Decision will be entered under Rule 50.