LEMUEL S. McLEOD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28281.   Promulgated February 28, 1930.

*Walter S. Thompson, Esq.*, for the petitioner.
*W. F. Gibbs, Esq.*, for the respondent.

138

OPINION.

SMITH: In this proceeding the petitioner claims the right to deduct from gross income for the taxable year ended June 30, 1925, $20,935.27 representing payments made by him during that and prior years to the trustees under a declaration of trust dated March 26, 1921. The deduction is claimed under section 214(a)(7) of the Revenue Act of 1924, which permits an individual to deduct from gross income in computing net income:

Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.

He contends that prior to the beginning of his taxable year he had a hope and an expectation that a part of the amount paid by him to the trustees under the agreement and declaration of trust, above referred to, would be returned to him and that it was not until May or June of 1925, that he actually ascertained that no part of the $30,000 which he had obligated himself to pay under the agreement or declaration of trust would ever be refunded to him.

The respondent contends that any loss which the petitioner sustained with respect to his subscription to the guaranty fund was a

loss in the fiscal year ended June 30, 1924, and that no part of that loss may be allowed either as a bad debt deduction or as a loss in the fiscal year ended June 30, 1925.

The first question to be decided is whether the trustees were debtors to the petitioner. If a debtor-creditor relationship did not exist between the trustees and the petitioner, the petitioner is not entitled to claim the amount as a bad debt deduction in the fiscal year ended June 30, 1925.

We think that no such debtor-creditor relationship existed. The only obligation of the trustees to refund to the petitioner any portion of the amounts which he paid or should pay under his guaranty pertained to the excess of the amount paid over the amount which would be required to make whole the Liberty Trust Co. upon its undertaking to pay the debts of the Fidelity Trust Co. There never was any such excess. The assets of the Liberty Trust Co., plus the guaranty fund of $400,000, were not sufficient to make whole the Liberty Trust Co. upon its undertaking. This was the determination of the Commissioner and it is supported by the finding of the court in *Liberty Trust Co.* v. *Price*, 259 Mass. 596, 156 N. E. 749, wherein the court stated:

At the end of the three-year period (April 1, 1924) the trustees had liquidated the assets in schedule (d) so far as possible; and it appeared that the entire guaranty fund would have to be paid over to the plaintiff, and that after such payment there would be a loss to the plaintiff of at least $179,500. * * *

There was no absolute liability on the part of the trustees to pay to the petitioner any part of the $30,000 subscribed by him to the guaranty fund. We therefore think that there was no debt ascertained to be worthless by the petitioner from the trustees in the fiscal year ended June 30, 1925, for the good and sufficient reason that the trustees in the circumstances of this case were not liable as debtors to the petitioner.

Section 214(a)(5) of the Revenue Act of 1924 permits an individual to deduct from gross income in his income-tax return:

Losses sustained during the taxable year and not compensated for by insurance or otherwise. * * *

The respondent has determined that the petitioner sustained no loss upon this transaction in the fiscal year ended June 30, 1925. The petitioner has adduced evidence to the effect that he had not ascertained that he had sustained a loss in respect of his subscription to the guaranty fund until May or June, 1925. But an ascertainment of a loss within a taxable year is not the criterion imposed by the statute for a loss deduction. Losses are deductible under the statute only in the year when *sustained*. The evidence here does not show,

in the language of the Supreme Court in *United States* v. *White Dental Mfg. Co.*, 274 U. S. 398, the occurrence in the fiscal year ended June 30, 1925, of any "identifiable event" which fixed a loss deductible from gross income. If the evidence showed the liquidation by the Liberty Trust Co. or of the trustees of the assets of the Fidelity Trust Co. taken over and a deficiency resulting from that liquidation in the taxable year under review, it might be that the loss suffered by the petitioner would thereby be identified as a loss sustained in the taxable year. But the respondent has determined that the loss was sustained in a prior taxable year. The evidence offered does not prove or tend to prove error on the part of the respondent in making such determination. The contention of the respondent is therefore sustained.

Reviewed by the Board.

*Judgment will be entered for the respondent.*