MAXWELL *v.* EDDY PAPER CO.

1. CORPORATIONS—DISTRIBUTION OF ASSETS ON DISSOLUTION—PREFERRED STOCKHOLDERS—STATUTES.

Where the articles of incorporation were silent as to division of assets of a corporation on dissolution, the distribution must be made according to the applicable statute in force at the time of incorporation (2 Comp. Laws 1915, § 9050), which requires payment in full to holders of preferred stock before the holders of common stock may participate.[1]

2. SAME—ESTOPPEL.

In a suit by preferred stockholders to compel distribution to them of the assets of a corporation, the adoption of resolutions at stockholders' and directors' meetings authorizing sale of the corporate property and division of the remaining assets among the preferred and common stockholders at a three to one ratio, would not estop plaintiffs from maintaining said suit, in the absence of any evidence

---

[1]Corporations, 14a C. J. § 3889.
On rights and preferences as to assets of corporation, see notes in 27 L. R. A. 142; 39 L. R. A. (N. S.) 1007.

that they were present at said meeting or consented to the action taken.[2]

3. SAME—BURDEN OF PROOF—ESTOPPEL.
    Where defendants claim that plaintiffs are estopped from maintaining this suit, the burden of proof is on defendants to show facts constituting an estoppel.[3]

Appeal from St. Joseph; Johnson (Clayton C.), J. Submitted June 5, 1925. (Docket No. 42.) Decided October 1, 1925.

Bill by John C. Maxwell against the Eddy Paper Company and others to compel a distribution of assets of defendant corporation among the preferred stockholders. Jessie Thompson was permitted to intervene as a party plaintiff. Leeta D. Eddy was permitted to intervene as a party defendant. From a decree dismissing the bill, plaintiff appeals. Reversed, and decree entered for plaintiff.

*Thomas J. Cavanaugh* and *David Anderson,* for plaintiff.

*Claude S. Carney,* for intervening plaintiff.

*Harry C. Howard,* for defendants.

*Edward H. Andrews,* for intervening defendant.

McDONALD, C. J. The purpose of this bill is to compel a distribution of the assets of the defendant corporation among the preferred stockholders in proportion to their holdings. It alleges that it is filed on behalf of the plaintiffs and 62 other holders of preferred stock. The corporation and its board of directors, as a board and as individuals, are made defendants. Leeta D. Eddy is an intervening defendant.

The Eddy Paper Company was organized under the

---

[2]Corporations, 14a C. J. § 3889 (Anno); [3]Estoppel, 21 C. J. § 267.

laws of Michigan with its principal offices in Three Rivers, St. Joseph county, Michigan. In the fall of 1922 it had become so financially embarrassed that it was unable to continue its business. In order to avoid a receivership it sold its entire assets to the Eddy Paper Corporation of Illinois. As a part of the consideration the Illinois corporation assumed and paid all debts amounting to $2,739,255.71, and delivered to the Eddy Paper Company its note for $625,000, which was subsequently canceled in exchange for 31,250 shares of its stock. At the time of the sale there was outstanding two classes of the capital stock of the Eddy company, viz., common $7,000,000 and preferred $1,766,410. Both of these classes claim the right to share in the distribution of the assets of the defendant company, which consist of the 31,250 shares of stock in the Illinois corporation. At the hearing the circuit judge entered a decree under which all of the stockholders were permitted to participate. From this decree the plaintiffs have appealed.

In support of their claim that the holders of common stock should be excluded from participating in a distribution of the assets until payment in full of the preferred stock and unpaid dividends, the plaintiffs rely upon the following provision of the statute:

*   *   *   "If for any reason said corporation shall cease business or become insolvent then after the payment of all liabilities and debts the remainder of the assets of said corporation shall be applied first in payment in full of all preferred stock and then unpaid dividends due thereon, and the balance divided *pro rata*, share and share alike among the holders of the common stock." *   *   *   2 Comp. Laws 1915, § 9050.

In opposition to this claim the defendants argue that when construed in connection with section 9018, 2 Comp. Laws 1915, the statute gives the holders of

preferred stock only such preference as is granted to them in the articles of incorporation, which do not mention any preference as to assets.

Section 9018 provides in part as follows:

* * * "The articles may provide for common and preferred stock subject to section 35, and in that case shall contain an exact statement of the terms upon which the common and preferred stock are created, and the amount of each subscribed and the amount of each paid in." * * *

This provision of the statute requires that the articles may provide for common and preferred stock "subject to section 35," which is section 9050, 2 Comp. Laws 1915. It is true that the articles are silent as to how the capital assets are to be distributed in case of insolvency, but the statute under which the stock is authorized (section 35) gives the preferred stock a preference over the common stock in the distribution, and in view of this statute it is immaterial that the preference is not expressed in the articles. There is nothing in the articles indicating a contrary intention.

"The existing statutes and the settled law of the land at the time a contract is made become a part of it, and must be read into it. All contracts are therefore to be construed in the light of the rules and principles of law applicable to the subject-matter of the transaction, and these rules and principles control the rights of the parties, except where the contract discloses an intention to depart therefrom." 6 R. C. L. p. 855, § 243.

The articles being silent as to a division of the assets, the distribution must be made according to the applicable statute in force at the time of the incorporation, and this requires payment in full to holders of preferred stock before the common stock may participate. It follows that the plaintiffs are entitled to the relief prayed for unless under the circumstances

of the case they are estopped from claiming such relief.

In determining the issue the circuit judge found that the sale of the property had been made in accordance with certain resolutions of the stockholders and the board of directors, in which it was provided that the remaining assets should be divided among the preferred and common stockholders at a three to one ratio. On this finding he based the following conclusion of law:

"It is my opinion, as a matter of law, that plaintiffs are now estopped by an acceptance of said sale and by the said resolutions adopted at the stockholders' meetings and directors' meetings, and that they are entitled to only such proportion of said 31,250 shares of stock as may be determined from a division of such stock among all the stockholders of said defendant company as set forth and provided for by terms of said resolutions."

The record shows that at a special meeting of the board of directors held on November 21, 1922, a written offer to purchase the entire assets of the company was received from the Illinois corporation. The offer was accepted by resolution of the board subject to ratification by the stockholders. On November 25, 1922, at an adjourned meeting of the stockholders a resolution was adopted ratifying the sale. Nothing appears in either of these resolutions of the board or of the stockholders about a division of the assets to be made after the sale. There appears nothing in the minutes of these meetings tending to show that preferred stockholders who were present had any information that the sale was being made with the understanding that their stock was not to have the preference provided by law in a distribution of the remaining assets. However, before this time, before any definite offer of purchase was received, but while there was in contemplation the organization of another

corporation to purchase the property and to pay the debts, certain of the stockholders at an adjourned meeting held on October 24, 1922, adopted a resolution authorizing a sale and providing for a division of the assets among the preferred and common stockholders at a ratio of three to one.    A similar resolution was adopted by the directors at a meeting immediately following that of the stockholders.    The resolution was adopted at an adjourned meeting of the stockholders.    No notice of the meeting or of its purpose was given to any of them.    The meeting was held in another county, not at the usual meeting place. Some preferred stockholders were present but who they were does not appear in the minutes of the meeting.    Undoubtedly those who were present and voted for the resolution and those who voted for the ratification of the sale with a knowledge of the previous action of the stockholders, would be estopped from claiming any other division of the assets than that expressed in the resolutions.    Only a comparatively small number of the preferred stockholders were present and there is nothing in the record to show that those who were not present had any notice of the meeting or any knowledge of the action taken. The difficulty in undertaking to apply the doctrine of estoppel is in the fact that there is a total lack of evidence as to which of the numerous preferred stockholders did any act that would constitute an estoppel.    There is no evidence that any of these plaintiffs were present and voted at any of the meetings or had any knowledge of the action taken by the other stockholders.    The burden of proof is on the defendants to show some facts which would constitute an estoppel.    This they have failed to do.    We must dispose of the issue upon the record before us.    We find nothing in it that would justify the application of the doctrine of estoppel.    It follows that the plain-

tiffs are entitled to the relief prayed for in their bill. A decree will be entered in this court in accordance therewith.

No other questions require discussion.

The decree of the circuit court is reversed, with costs to the plaintiffs.

CLARK, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred. MOORE, J., did not sit.