HARRY C. HOWARD, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 22548.   Promulgated July 8, 1930.

*Harry C. Howard, Esq.*, pro se.
*B. M. Coon, Esq.*, for the respondent.

208

## OPINION.

STERNHAGEN: The petitioner argues that before the end of 1922 the occurrence of " identifiable events " in respect of the stock of the Michigan corporation was such as to establish definitely a loss of $3,250 out of his original investment of $5,000. He claims a deduction under the Revenue Act of 1921, section 214(a) (4) and (5). The petitioner is a practicing lawyer, and, although he was at one time counsel for the corporation, his purchase of the stock was an

isolated investment having no relation to any trade or business, and a loss sustained in respect thereof would not be "incurred in trade or business." Subsection (4) is therefore not available to him. See *Ignaz Schwinn*, 9 B. T. A. 1304.

In harmony with numerous decisions, we hold that petitioner sustained no deductible loss in respect of such stock in 1922. The stock was not then, nor subsequently, worthless. Even if we treat the notice of dissolution as establishing that the Michigan corporation was dissolved and out of existence, this took place no earlier than 1923, and, notwithstanding it, petitioner's stock ownership remained the indicia of rights having a substantial value which survived at least until the distribution in 1928. No matter how reasonably assured the petitioner felt in 1922 that his investment would yield him less than it had cost, such assurance did not contemplate entire worthlessness nor did it contemplate any actual realization in 1922. The corporation had changed the character of its assets from plant and equipment into a note and again into stock of the new corporation holding the same plant and equipment. The reflection of these transactions of the corporation in the shares, no matter how clear, is potential only, and, like all other fluctuation in value, is not a realized gain or loss. Until the stock is sold or disposed of or is demonstrated to be completely and permanently worthless, the holder has neither taxable gain nor deductible loss and his cost remains the basis for determining the gain or loss upon future disposition. See *New York Life Insurance Co.* v. *Edwards*, 271 U. S. 109; *Haviland.* v. *Edwards*, 15· Fed. (2d) 445; affd., 20 Fed. (2d) 905; *Augustus C. Adams*, 1 B. T. A. 983; *W. P. Davis*, 6 B. T. A. 1267; *J. H. G. Wolf*, 8 B. T. A. 1121; *Edward J. Slater*, 12 B. T. A. 60; *West Lafayette Bank*, 12 B. T. A. 1356; *Reese Blizzard*, 16 B. T. A. 242.

Were the taxpayer, however, entitled, generally speaking, to deduct as a loss an apparent drop in the value of his investment, so that the foregoing could not be said, it would be necessary to consider whether such loss as might otherwise be recognized must be disallowed under section 202 (c) because incidental to an exchange in a reorganization. If in all the circumstances the new stock received in 1928 may be regarded as having been received in a reorganization, as is somewhat indicated in *Maxwell* v. *Eddy Paper Co.*, 232 Mich. 356; 205 N. W. 111, so that by section 202(c) (2) the recognition of gain or loss is prohibited, it may be doubted without deciding whether a preliminary shrinkage or anticipatory loss incident to the reorganization is any more to be recognized.

The petitioner cites *United States* v. *White Dental Mfg. Co.*, 274 U. S. 398. The circumstances of the taxpayer's loss in that case were such as to demonstrate not mere partial shrinkage in value, but sub-

stantial worthlessness. The court, after expressly stating that " the statute obviously does not contemplate and the regulations forbid the deduction of losses resulting from the mere fluctuation in value of property owned by the taxpayer," said that losses were allowable if fixed by identifiable events, such as sale, destruction, or physical injury. In the present case, there was no such event as those enumerated by the court, but rather a mere shrinkage in value.

Nor do we find *Sherman & Bryan, Inc.* v. *Blair*, 35 Fed. (2d) 713, to compel the allowance of the deduction here claimed. That decision considered a debt due from a debtor whose affairs had been taken over by a receiver. In so far as it discusses the deductibility of partially worthless debts and treats them as losses, there is some analogy to a stock investment which is, when the circumstances are reasonably considered, only partially recoverable. The Court of Appeals did not state or intimate how far the apparent rule of its decision would extend. The present case, in our opinion, is farther from a realized loss, the taxpayer's position being more tentative and speculative. The line of factual distinction between the *Sherman* case and cases where worthlessness is not legally established could, we think be drawn a good way from the *Sherman* case and yet not bring the present case within its rule. For if variations in stock values are to be recognized because they reflect the corporation's transactions and condition, it would be difficult to discriminate such losses from those reflected by definite, published stock market quotations.

*Judgment will be entered for the respondent.*