*303 OPINION.
Muedock :
The petitioners in these cases contend in the first place that the transaction between the National Bank and the State Bank was a “ reorganization ” within the definition of that term given in section 112 (i) of the Eevenue Act of 1928. The words of the definition upon which they rely are as follows:
The term “reorganization” means (A) a merger or consolidation (including the acquisition by one corporation of * * * substantially all the properties of another corporation) * * *.
The Supreme Court said, in Pinellas Ice & Gold Storage Co. v. Commissioner, 287 U. S. 462:
The words within the parenthesis may not be disregarded. They expand the meaning of “ merger ” or “ consolidation ” so as to include some things which partake of the nature of a merger or consolidation but are beyond the ordinary and commonly accepted meaning of those words — so as to embrace circumstances difficult to delimit but which in strictness can not be designated as either merger or consolidation.
In Cortland Specialty Co. v. Commissioner, 60 Fed. (2d) 937, the court said:
A merger ordinarily is an absorption by one corporation of the properties and franchise of another whose stock it has acquired. The merged corporation ceases to exist, and the merging corporation alone survives. A consolidation involves a dissolution of the companies consolidating and a transfer of corporate assets and franchise to a new company.
If a given transaction in strictness can be designated as either a merger or a consolidation, it is a reorganization within the meaning of the definition, and the words in parenthesis are unimportant. If, however, a particular transaction, which in strictness cannot be designated as either a .merger or consolidation, nevertheless partakes of the nature of a merger or consolidation, it must be tested by the words in the parenthesis to see whether or not it is a reorganization within the meaning of the statute.
The National Bank did not acquire “substantially all the properties ” of the State Bank. Assets of the State Bank having a substantial value as compared to the value of all of the assets of that bank were not acquired by the National Bank. We refer to 1,000 shares of Pullman, Inc., stock and 1,000 shares of Nashua Manufacturing Co. preferred stock which had a value of $148,125 at the time of the transaction in question. These assets were distributed to the stockholders of the State Bank as an essential part of the very *304 transaction in question. The distribution of the Pullman, Inc., and Nashua Manufacturing Co. stock was a part of the plan which was to result in the dissolution of the State Bank. That distribution was not an ordinary dividend, but was a distribution in liquidation. Sec. 115 (c). It cannot be disregarded in determining whether or not the National Bank acquired substantially all of the assets of the State Bank within the meaning of. section 112 (i). The cash distribution, although in a fractional amount to correspond to the usual dividend rate, was likewise a liquidating dividend. Since the National Bank did not acquire substantially all of the properties of the State Bank, the transaction was not a “ reorganization ” within the meaning of the parenthetical part of the definition. The case of Howard v. Commissioner, 56 Fed. (2d) 781, affirming 20 B.T.A. 207, is not in point, since in that case substantially all the properties were acquired.
However, the fact that the National Bank did not acquire substantially all of the properties of the State Bank would be immaterial if the transaction was one which in strictness could be designated as either a merger or a consolidation. Mergers and consolidations are inherently statutory. 7 Fletcher Cyclopedia Corporations, § 4670; First State Bank v. Lock, 113 Okla. 30; 237 Pac. 606; Knapp v. Supreme Commandery, 121 Tenn. 212; 118 S. W. 390; Jones v. Rhea, 107 S. E. (Va.) 814. Cf. Grange National Bank, 22 B. T. A. 1209; R. D. Musser, 2 B. T. A. 1031. If statutory provision has been made for mergers and consolidations and the necessary steps have been taken, a merger or consolidation occurs by operation of law. The enfranchisement of the resulting corporation is dependent upon some prior legislative enactment. The petitioners here contend that a consolidation or merger occurred under a Federal statute providing for the consolidation or merger of a state and national bank under the charter of the national banking association. See Act of November 7, 1918, 40 Stat. 1043, sec. 3, as added by Act of February 25, 1927, 44 Stat. 1224. The Federal statute provides for the consolidation of a state bank with a national bank after certain required steps have been taken to accomplish that result. A majority of the board of directors of each bank proposing to consolidate must lawfully agree upon terms and conditions upon which they desire to consolidate under the charter of the national banking association. The directors must call a meeting of the stockholders of each bank and publish notice of the time, place, and object of the meeting as provided in the Federal statute, and the agreement of the directors must be ratified and confirmed by the affirmative vote of at least two thirds of the shareholders at the meeting. The various steps must then be carried out and the Comp *305 troller of the Currency must certify his approval of the consolidation. If these things are all clone in the proper manner, a consolidation of the two or more banks under the charter of. the national bank results. But if any essential step is omitted, there is no consolidation or merger under this act. Cf. City National Bank of Huron v. Fuller, 52 Fed. (2d) 870, affirming 52 Fed. (2d) 865.
The Commissioner has held that there was no reorganization. Thus the petitioners must establish by the evidence that there was a reorganization. Since the alleged reorganization depends upon a merger or consolidation under the Federal statute cited, the petitioners must show affirmatively that a consolidation or merger took place under that statute. This they have failed to do, for they have not shown that the provisions of the act were complied with. There is no showing that the directors of either bank ever agreed upon terms and conditions of consolidation. They agreed upon terms and conditions of a sale. There is no showing that the requirements of the act in regard to publication of the notice to the stockholders of these two banks were ever complied with or that the stockholders ever approved of a plan of reorganization. They approved of a plan of sale. Nor is there any showing that the Comptroller of the Currency in fact approved this transaction as a consolidation under this provision of the Federal statutes or issued any certificate of approval of the transaction as a consolidation under the law. There is in evidence a certificate from the Comptroller of the Currency authorizing the increase in the capitalization of the National Bank, but that can not possibly be construed as an approval by the Comptroller of a consolidation under the Federal statute.
The original plan evolved by the officers and directors of the two banks might have resulted in a consolidation or .merger, and, therefore, a reorganization, if that plan had been carried out, but it was never carried out. Instead, a different plan was followed, for reasons satisfactory to the parties, under which the assets and business of the State Bank were purchased by the National Bank for cash and the stock of the National Bank was purchased by the stockholders of the State Bank for cash. A trust fund was set up to guarantee the general depositors in the State Bank until they came in and transferred their accounts to the National Bank. The notices and resolutions referred to this plan of sale rather than to any plan for a consolidation or merger of the two banks under the Federal statute. Cf. City National Bank of Huron v. Fuller, supra; Drovers & Mechanics National Bank v. First National Bank, 260 Fed. 9; Central National Bank of Lincoln, Nebraska, 29 B. T. A. 719.
Since the transaction between the two banks was not a merger or a consolidation and the National Bank did not acquire substantially all *306 of the properties of the State Bank, there was no reorganization within the definition of that term! contained in section 112 (i) of the Revenue Act of 1928, and we are unable to follow the petitioners in the very first step of their argument. The general rule provided in section 112 for the recognition of gain or loss is that upon the sale or exchange of property the entire amount of the gain determined under section 111 shall be recognized. The parties are agreed upon the basis for gain to these taxpayers on the State Bank stock. Section 111(c) provides that the amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property other than money received. The amount realized by these taxpayers from the disposition of their State Bank stock is therefore the total fair market value of the Pullman stock, the Nashua Manufacturing Co. stock, and the Second National Bank stock received by each, plus $1.33 per share received in cash. These total amounts were distributed in complete liquidation of a corporation and, therefore, under section 115(c) are to be treated as in full payment in exchange for the stock.
Reviewed by the Board.

Decision will be entered under Buie 50.

YaN FossaN dissents.