H. STANLEY HINRICHS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 80700. Promulgated July 24, 1936.

*Oscar P. Mast, Esq.*, for the petitioner.
*Wilford H. Payne, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The Commissioner determined a deficiency of $275.60 in the petitioner's individual income tax for 1933 by disallowing a deduction of $520 taken upon the petitioner's return for that year as a loss, but which the Commissioner held was sustained in 1930 when the shares in question became worthless. The proceeding was submitted entirely upon a short stipulation of the facts. From this stipulation, the Board finds as a fact that the petitioner's five shares of Capitol Title & Guarantee Co. became worthless in 1930, that petitioner sustained a loss of the cost thereof, namely $500,

in that year, which loss was not compensated by insurance or otherwise, that the said loss was not sustained in the taxable year 1933, nor was the amount of $20 contributed by the petitioner in 1930 toward the expense of proposed litigation; and concludes as a matter of law that the petitioner is not entitled to the deduction of either of the said amounts for the taxable year 1933.

The crucial evidentiary facts are, that in 1928 the petitioner purchased five shares of Capitol Title & Guarantee Co. for $500, and when the company ceased operations in 1930 its liabilities exceeded its assets, leaving nothing for the shareholders. That this investment thus became a consummated loss in 1930 is the normal inference of fact. Upon the postulate of such a sustained loss, the petitioner in 1930 contributed $20 to the expense of proposed test suits to fix liability upon the New York Title & Mortgage Co. for alleged deceit and fraudulent representation. There was no suit against the seller of the shares for recovery of the price. Petitioner himself never instituted a suit, and there is nothing in the record to indicate if or how he was to recover his unfortunate investment. While it might be supposed that he would not contribute $20 to an expense fund unless he believed there was a reasonable likelihood of return, we must take the stipulation as we find it and leave its omissions to operate against him under the normal burden of proof rule.

The opinions of the United States Court of Appeals for the District of Columbia, in *Hutton* v. *New York Title & Mortgage Co.*, 71 Fed. (2d) 989, including the dissenting opinion, and of the Supreme Court of the District of Columbia, in *Schaeffer* v. *New York Title & Mortgage Co.*, do not support the view that this petitioner did not finally sustain his loss in 1930, as the Commissioner has held, or that he had any reasonable prospect in that year of recovering compensation through a fraud action. Had he deducted his loss upon his 1930 return, there would have been no answer among the facts stipulated in this record to his contention that the statute did not require him to be an incorrigible optimist. *United States* v. *White Dental Manufacturing Co.*, 274 U. S. 398. A deduction for a loss of investment in worthless shares of stock is available when the shares become worthless; and when such worthlessness is reasonably demonstrable in one year, the deduction may not be postponed to a later year.[1] *Gowen* v. *Commissioner*, 65 Fed. (2d) 923. While there is enough flexibility in this rule to prevent its harsh application, the circumstances shown by the present record fix the loss in 1930 and not in 1933.

*Judgment will be entered for the respondent.*

---

[1] See Paul and Mertens, Law of Federal Income Taxation, vol. 3, § 26.67.