## COMMISSIONER OF INTERNAL REVENUE v. WILSON et al.

No. 5791.

Circuit Court of Appeals, Seventh Circuit.

June 21, 1937.

James W. Morris, Asst. Atty. Gen., and Joseph M. Jones, Sewall Key, J. Louis Monarch, and Louise Foster, Sp. Assts. to Atty. Gen., for petitioner.

Irvin H. Fathchild, of Chicago, Ill., for respondents.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

The Commissioner of Internal Revenue is seeking to have reversed a decision of the Board of Tax Appeals determining a deficiency of Federal income tax against the estate of John C. Spry for the year 1924. The taxpayer in his income tax return for that year claimed a deduction in the sum of $32,553.83.

Ellen Spry, mother of the taxpayer, died April, 1918, testate, leaving an estate of real and personal property which, after certain bequests not here material, was devised to her seven children, including John C. Spry, the taxpayer. The latter with two

brothers, George E. Spry and Walter P. Spry, were named as executors and also as trustees with full power to collect rents and revenues and to manage the entire estate and distribute the same to the legatees and devisees. S. A. Spry, a brother of the deceased taxpayer, and an heir and legatee of Ellen Spry, was on January 1, 1919, indebted to the taxpayer in the sum of $50,527.03, and on February 21, 1919, entered into a contract with him in which he agreed to assign to the latter all his interest in the estate of Ellen Spry, and for which assignment, when received, John C. Spry agreed to cancel the indebtedness owing him by the said S. A. Spry. The agreement provided for proper conveyances, releases, etc., as soon as practical after the settlement of the estate of Ellen Spry, and the agreement further provided that in event of death of either of the parties, the agreement should be binding upon their heirs, assigns and devisees.

S. A. Spry died September 10, 1920, his estate being insolvent. The executors of the Ellen Spry estate were discharged in 1922, but their duties as trustees continued. The trustees sold a portion of the real estate, partly for cash, taking a mortgage for the balance of the purchase price, which was later sold at a discount. The cash received by the trustees was from time to time divided between the various heirs, and the portion of the estate proceeds which the taxpayer received prior to 1924, pursuant to his agreement of February 21, 1919, above mentioned, amounted to $11,480. In 1924 the remainder of the assets of the estate consisted of a bank balance of $241.47 and three vacant lots. In October of that year this bank balance was distributed to the beneficiaries entitled thereto. The taxpayer by virtue of the agreement of February 21, 1919, received the interest which S. A. Spry otherwise would have had in the estate.

In his income tax return for 1924 the taxpayer claimed a deduction as a bad debt the sum of $32,552.83 due him from S. A. Spry. The Board found that said amount was not deductible as a debt ascertained to be worthless in 1924, but did find that John C. Spry had sustained a loss in 1924 on account of the transaction with S. A. Spry. The taxpayer regarded the lots above referred to as of no value and allowed no credit for the same. One of the respondents, however, testified the trustees would have been willing to sell the lots for $5,000.

The Board accepted this as the value of the lots which had not yet been divided among the heirs, and reduced the taxpayer's claimed loss by one-seventh of said amount and allowed the loss in the sum of $31,839.54.

The statute involved is Revenue Act of 1924, c. 234, 43 Stat. 253, 269:

"Sec. 214. (a) In computing net income there shall be allowed as deductions:
* * *

"(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business;
* * *

"(6) * * * The basis for determining the amount of the deduction under this paragraph, or paragraph (4) or (5), shall be the same as is provided in section 204 for determining the gain or loss from the sale or other disposition of property."

It is the contention of petitioner that the value of the interest, which the taxpayer received on account of the agreement with S. A. Spry, above referred to, and consequently the loss thereby sustained, could have been as well determined prior to 1924 and, further, if the value could not be determined until the estate was entirely settled, loss could not be determined until some subsequent time on account of the taxpayer's interest in the vacant lots referred to.

As to when a loss is sustained so as to be allowed as a deduction within the meaning of the above statute has often received the attention of the courts, but we find no case which is determinative of the question here presented. The Board concluded that, inasmuch as the taxpayer received the last distribution from the estate of his mother in 1924, this was the identifiable event which marked the loss as sustained in that year, and cite United States v. S. S. White Dental Mfg. Company, 274 U.S. 398, 47 S.Ct. 598, 71 L.Ed. 1120, in support of such conclusion. While the question is not free from doubt we are inclined to think the Board was correct in its finding. The taxpayer might, sometime prior to the year in question, have been able to estimate his loss, yet in view of the somewhat complicated condition of the estate we think when he received the final distribution from his mother's estate was the year in which the loss could be determined with any degree of certainty.

There seems to be little merit in petitioner's position that, under the theory adopted by the Board, the loss could not have been determined until some subsequent time on account of the vacant lots. Apparently these lots had little or no value, the trustees had been unable to sell them, and the Board fixed their value at an amount which one of the respondents stated they would be willing to take for them, and charged the taxpayer with his proportionate part of the same. This was rather an uncertain and perhaps irregular manner of determining value, but it would seem petitioner is in no position to complain. The fact that the lots had been offered for sale at that price with no buyer would indicate that they were worth less rather than more. In the case above cited the Supreme Court on page 402 of 274 U.S., 47 S.Ct. 598, 600, 71 L.Ed. 1120 said: "The quoted regulations, consistently with the statute, contemplate that a loss may become complete enough for deduction without the taxpayer's establishing that there is no possibility of an eventual recoupment."

There is pending a motion by respondents to dismiss the petition because of failure on the part of petitioner to exercise due diligence in its prosecution. This motion is not without merit, but we prefer to decide the case on its merits.

The motion to dismiss the petition is denied, and the decision of the Board of Tax Appeals is

Affirmed.