*837 OPINION.
Arnold:
The petitioner contends as to the first issue that the sales of the preferred stock of the Mayfair Investment Co. in December of 1932 and 1933 were bona fide, and that the stock had some value in those years. The respondent contends that the sales were not bona fide and that the stock became worthless prior to 1932.
The first issue to be determined is whether the stock was worthless and, if so, when it finally became worthless, because a taxpayer may not continue to hold worthless stock and establish a deductible loss by sales thereafter. Cf. Harry H. DeLoss, 6 B. T. A. 784; affd., 28 Fed. (2d) 803; certiorari denied, 279 U. S. 840; Harry C. Kayser, 27 B. T. A. 816; Alfred K. Nippert et al., Executors, 32 B. T. A. 892. Cf. Paul Pryibil, 31 B. T. A. 164.
In 1931 a bondholders’ committee had been formed and authorized to enter into a plan of reorganization. In 1932 it was apparent that the income of the Mayfair Investment Co. was not sufficient to meet the payments of principal and interest on their bonds. There was a foreclosure sale of the property and a reorganization. The charter of the company was allowed to expire. A new corporation was organized August 1, 1932, and new stock was issued, which was held in escrow. Owing to the fact that under certain conditions a part of the stock of the now corporation might eventually be given to the holders of stock in the old corporation, there was a possibility that in the future the stock of the old corporation might have some exchange value, but at the time of the sale it was merely the stock of a defunct corporation, the assets of which had been sold in the process of reorganization, and nothing remained in the stockholders except the hope that the hotel would for the next five years be able to so increase its business as to earn the interest on the corporation’s bonds or. reduce its bonded indebtedness. This is not a sufficient basis upon which to determine a value in 1932. Cf. William E. Steinback, 30 B. T. A. 1252; United States v. White Dental Manufacturing Co., 274 U. S. 398.
The evidence shows the stock was not worthless in 1931. It is true that the corporation was in default on its interest payments and a reorganization was being considered by the bondholders’ committee, but it was not until 1932 that its assets were sold, its charter forfeited, the reorganization effected, and the new corporation organized to take the place of the old. Thereupon, we think the stock became worthless and had no more than a nominal value thereafter. The *838 parties themselves so considered it in their dealing. The stock having become worthless in 1932, the petitioners had the right to deduct the loss sustained thereby in that year. The sale thereafter of 100 shares in 1932 was a useless gesture and ineffective to establish a loss already sustained. Harry H. DeLoss, supra; Bair v. United States, 20 Fed. Supp. 191; Walter W. Moyer, 35 B. T. A. 1155, Peter Doelger Brewing Co., 22 B. T. A. 1176.
The stock having become worthless in 1932, the deduction of the loss claimed on the sale in 1933 is denied, and the respondent’s determination as to this issue for that year is sustained. On recomputation under Rule 50 the entire stock loss should be allowed petitioner in 1932. The amount received by petitioner from the sales in both 1932 and 1933 was income in the respective years.
The respondent has affirmatively pled that the returns of petitioner for 1932 and 1933 were false and fraudulent with intent to evade tax, and has assessed a fraud penalty as to each year. Fraud is never presumed, see Henry S. Kerbaugh, 29 B. T. A. 1014, and must be proved by convincing evidence. Cf. Oscar G. Joseph, 32 B. T. A. 1192; Thomas W. Behan, 32 B. T. A. 1088; affd., Commissioner v. Behan, 90 Fed. (2d) 609.
On the whole record the respondent has not convinced us that petitioner’s returns were false and fraudulent with intent to evade tax. The addition to the tax provided by statute where fraud is shown, therefore, may not be imposed.
In recomputation, $3,000 as the reasonable value of the living quarters and meals for each of the years before us will be included as income to petitioner, as agreed upon.
Reviewed by the Board.

Decision will be entered under Rule 50.