*1107 OPINION.
Hitn:
The issue submitted for decision is whether or not petitioners are entitled to deduct from gross income for the taxable year 1936 the stipulated basis of the shares of preferred stock of the Southwest Utility Dairy Products Co. owned by them, respectively. Eespondent disallowed the deductions claimed by petitioners on the ground that the losses were sustained in a prior year.
Whether or not corporate stock became worthless in a particular year is a question of fact which is often difficult to ascertain, and seldom can be demonstrated with mathematical certainty. It must be determined from a practical consideration of all the facts and circumstances of each case. Forbes v. Commissioner, 62 Fed. (2d) 571; Morton v. Commissioner, 112 Fed. (2d) 320, affirming 38 B. T. A. 1270.
The statute contemplates allowance of deductions for losses which are fixed by identifiable events, United States v. White Dental Manufacturing Co., 274 U. S. 398, 401, but facts which indicate merely imminence of loss, not the present fact of loss, are not such identifiable events, Burdan v. Commissioner, 106 Fed. (2d) 207, and it has been held that a deduction is not allowable in the year claimed by the taxpayer merely because his stock subsequently became worthless, nor is such loss allowable because, in the light only of subsequent events, it may appear to have been inherently worthless in the taxable year. Royal Packing Co. v. Commissioner, 22 Fed. (2d) 536, 538.
Eespondent argues that the preferred stock of the Dairy Products Co. involved herein became worthless prior to the taxable year 1936, and in support of his contention points to the following facts, namely, that the Dairy Products Co. and its two subsidiaries encountered fi *1108 nancial difficulties in 1982, and a receiver was appointed on March 1 of that year; in June 1934 proceedings for the reorganization of the companies under section 77 (b) of the National Bankruptcy Act, as amended, were instituted in a Federal court. On November 5, 1934, the court took jurisdiction, the receiverships were terminated, and each company was adjudged to be insolvent. With respect to the Dairy Products Co., the special master’s report, as of June 11, 1934, disclosed that its bonded and unsecured indebtedness amounted to $3,420,919.77, while the combined value of all of its assets amounted to $917,420.03, leaving a deficiency of $2,503,499.74. A substantially similar financial situation was disclosed in respect of the two subsidiaries. Respondent contends that the hopelessness of the financial condition of the three companies during 1934 indicates that the preferred stock in question was without value in that year.
We are unable to agree with respondent’s conclusion, which fails to take into consideration facts tending to establish that, notwithstanding that the preferred stock of the Dairy Products Co. had no liquidating value in 1934, it did have a substantial potential value in the years prior to 1936. The facts cited by respondent are not in themselves conclusive, and indicate at most merely imminence of loss, not the present fact of loss. Neither the receivership, the adjudication of insolvency, nor the reorganization proceedings under the Bankruptcy Act is sufficient to establish worthlessness of the stock. As was pointed out by the Court of Claims in Lyon v. United States, 5 Fed. Supp. 138:
It is generally Reid that the mere appointment of a receiver or even a showing of bankruptcy of a corporation is not sufficient in itself and alone to entitle a taxpayer to deduct the cost of the stock in such corporation as worthless.
See also Van Diest v. United States, 67 Ct. Cls. 655, and Tsivoglou v. United States, 31 Fed. (2d) 706.
So long as corporate stock reasonably has a potential value, it can not be said that the taxpayer’s investment therein has been lost. “The ultimate value of the stock, and conversely its worthlessness, will depend not only on its current liquidating value, but also on what value it may acquire in the future through foreseeable operations of the corporation. Both factors of value must be wiped out before we can definitely fix the loss.” Sterling Morton, 38 B. T. A. 1270, 1278; affd., Morton v. Commissioner, supra. “Until it is clearly shown that there is no probability that any portion of the investment will ever be recovered, no deductible loss under the statute has been sustained.” William E. Metzger, 21 B. T. A. 1271, 1272. And see James L. Byrd, 21 B. T. A. 1183, 1185.
The facts stipulated in the present proceedings show that in March 1935 a plan of reorganization was submitted to the court by the debtor *1109 companies which, among other things, provided that one share of common stock of the proposed new or reorganized corporation should be distributed to the holder of each share of the preferred stock of the debtors. It is also shown that in June 1935 a bondholders’ committee prepared and submitted a plan of reorganization which provided that the holders of the preferred stock of the debtors should receive for each such share one share of common stock of the new company. These plans of reorganization were rejected by the court on April 22, 1936, apparently not on the ground that recognition was accorded to the preferred stockholders, but because other provisions were found to be inequitable, not feasible, and discriminatory against certain classes of creditors.
On the same date the court, of its own motion, appointed a reorganization committee. This committee was specifically instructed by the court to endeavor to formulate a plan of reorganization which would preserve the going-concern value of each of the companies, and to afford the debtors an opportunity to be heard for the purpose of determining what recognition should be given to the preferred stockholders in the plan of reorganization to be formulated by such committee.
Under date of June 11, 1936, the committee appointed by the court submitted its plan, which plan was approved and confirmed by the court on November 2,1936. Thereunder, the stockholders of the three debtor corporations received nothing.
All the plans of reorganization above referred to provided for the organization of a new company on a sound financial basis, and we can not assume that the common stock of any such new or reorganized company would have been without value. It is our opinion, therefore, that prior to November 2,1936, the holders of the preferred stock of the Dairy Products Co. had a reasonable basis for the expectation that they would receive a substantial interest in the new company in exchange for their stock in the old company. This expectation was definitely foreclosed on the date last stated, when the court approved the plan of reorganization under which they received nothing. We have, accordingly, found as a fact that the preferred stock of the Dairy Products Co. became worthless during the taxable year 1936. Cf. Jones Oil & Operating Co. v. Commissioner, 114 Fed. (2d) 642.
Petitioners are entitled to the deductions claimed. Respondent’s action on the issue submitted is reversed.

Decisions will be entered wnder Rule SO.