## UNITED STATES TRUST CO. v. UNITED STATES.

### Civ. A. No. 8458.

United States District Court
D. Massachusetts.

June 29, 1950.

Garrett S. Hoag, F. A. Boudreau, Foley, Hoag & Eliot, all of Boston, Mass., for plaintiff.

George F. Garrity, U. S. Atty., and Philip T. Jones, Asst. U. S. Atty., both of Boston, Mass., Theron Lamar Caudle, Asst. Atty. Gen., Andrew D. Sharpe and A. Barr Comstock, Sp. Assts. to Atty. Gen., for defendant.

SWEENEY, Chief Judge.

In this action the plaintiff seeks to recover two items of income tax alleged to have been assessed and collected improperly. One item involves the question whether a bad debt was properly deductible within the year in which it was taken. The other item presents the question whether the United States may deduct from a refund to the taxpayer interest on an additional tax which was determined but not assessed.

### Findings of Fact

An agreed statement of facts, with exhibits attached thereto, has been filed by both parties, and the Court adopts that agreed statement of facts as its findings of fact. Briefly, the facts are these:

The plaintiff filed a tax return for the year 1941 showing a tax liability of $28,-014.50, which was paid. In that tax return the plaintiff included a deduction in computing its net income for a bad debt which was in the amount of $17,587.73. Under date of February 3, 1944, the plaintiff was notified by letter of a proposed deficiency in the amount of $5,452.19. No waiver of the restrictions provided in subsection (a) of Section 272 of the Internal Revenue Code, 26 U.S.C.A. § 272(a), on the assessment and collection of the deficiency proposed was ever filed by the plaintiff, and no assessment of the deficiency proposed in the report was ever made. In 1944 the plaintiff filed a claim for refund in the amount of $27,-504.64, based upon a carry-back loss from its income for 1943 under the authority of Section 122 of the Internal Revenue Code, 26 U.S.C.A. § 122. The Commissioner certified a net overassessment of $26,438.52, which was $1,066.12 less than the amount of the claim and represented the disallowance of the bad debt claimed. In remitting to the taxpayer the United States, in addition to interest on the refund, returned $25,312.76. From the overassessment of $26,438.52, which the defendant had allowed, it had deducted an additional sum of $1,125.76 as interest on the proposed deficiency of $5,-452.19.

### Bad Debt Claim

Burmon and Bolonsky were joint obligors of two notes which were originally given to the Bank of Commerce but which were assigned to this taxpayer in 1931. The original notes, which were in excess of $42,000, by 1936 had been reduced to $19,001.44. From then to 1940 payments averaging $310.00

per year were made to the taxpayer. In 1940 the debtors made three payments totaling $70.00, the last one on February 20. At the time the balance due was $17,587.73. This balance was never subsequently reduced and is the amount claimed by the plaintiff as a bad debt. The taxpayer had previously, in December of 1932, written off this claim which was then in the amount of $25,949.42, but this write-off was not intended as an admission that the debt was worthless, and this is borne out by the fact that they continued to receive payments on it. The Assistant Treasurer of the plaintiff states that he considered the debt became totally worthless in 1941 and not before that. Burmon had received a discharge in bankruptcy covering his liability on the notes on March 3, 1936.

 Because there have been no payments on the debt owed the taxpayer since February 20, 1940, I conclude that the debt was worthless within the meaning of Section 23(k) of the Internal Revenue Code, 26 U.S.C.A. § 23(k), by 1941, the taxable year in question. The taxpayer has the burden of proving that the debt became worthless in 1941, however, and not during an earlier year. Redman v. Commissioner, 1 Cir., 155 F.2d 319; Boehm v. Commissioner, 1945, 326 U.S. 287, 294, 66 S.Ct. 120, 90 L.Ed. 78, 166 A.L.R. 708. This burden the taxpayer bears successfully when he identifies a transaction occurring during the taxable year which evidences the change in status of the debt or the debtor which makes the debt worthless. United States v. S. S. White Dental Co., 274 U.S. 398, 47 S.Ct. 598, 71 L.Ed. 1120; Belser v. Commissioner, 174 F.2d 386, 390. Having identified this transaction or event, the taxpayer must prove that during the taxable year which preceded it the debt had value, and that before the end of the taxable year during which the identifiable event occurred the debt became worthless. Dunbar v. Commissioner, 7 Cir., 119 F.2d 367; Addison F. Vars, 9 T.C.M. 39 (1950). This the plaintiff has done.

The fact that the debtors continued their payments until February of 1940 is evidence that the debt was not worthless on that date. Furthermore, the debtors had formed the Burmon & Bolonsky Corporation, which was also in debt to the taxpayer, on January 1, 1940, in the amount of $44,531. The taxpayer made further loans to this corporation until January of 1941, indicating that in the taxpayer's estimation the corporation continued to be a reasonable credit risk until 1941. See Higginbotham-Bailey-Logan Co., 1927, 8 B.T.A. 566. And there is evidence of no event prior to the taxable year, 1941, to indicate that the debtors' ability to pay had substantially decreased or that the debt had become worthless. Thus the taxpayer has sustained the burden of proving that the debt had value in 1940.

 The identifiable event in 1941 which indicated to the taxpayer that the debt ceased to have value was the bankruptcy of the debtors' corporation. While it is true that there is only testimony by agents of the taxpayer as evidence that this bankruptcy caused the debts to become worthless, such evidence is sufficient to carry the taxpayer's burden of proof. Greenspun et al., 7 T.C.M. 509 (1948), decided in conformity with a remand from the Circuit Court in Commissioner v. Greenspun, 5 Cir., 156 F.2d 917; Providence Coal Mining Co. v. Glenn, D.C., 88 F.Supp. 975. Therefore, I find that the debt to the taxpayer owed jointly by Burmon and Bolonsky became worthless during 1941 and was properly deductible in accordance with Section 23 (k) of the Internal Revenue Code.

### Interest Deduction

When the defendant reported a proposed deficiency to the taxpayer in the amount of $5,452.19, it did this on the basis of disallowing the bad debt deduction. It is clear from the stipulation that the United States never assessed this deficiency as prescribed by law, and neither did the taxpayer waive the restrictions provided in subsection (a) of Section 272 of the Internal Revenue Code on the assessment and collection of the deficiency proposed, so that the Commissioner was never in a position to collect this tax even if his contention were correct. Since we have found that the bad debt deduction was a proper one, it necessarily follows that the interest on the proposed

deficiency was also illegally collected. Had it not been for our determination that the bad debt was properly deductible, I am not sure that our decision on the interest would have been the same, and many of the cases cited by the defendant in its brief are authority for the proposition that, in such an event, the interest would still have been collectible and deductible. We find it unnecessary to pass on that point.

### Conclusions of Law

From the foregoing I conclude and rule that the plaintiff's deduction for a bad debt of the Burmon and Bolonsky claim was a proper one.

I also conclude and rule that the proposed deficiency was improperly withheld from this taxpayer.

Judgment is to be entered for the plaintiff in the two amounts of $1,066.12 and $1,125.76, respectively, with interest thereon as provided by statute.